(825 P.2d 172)

No. 65,481 ■

HAROLD L. CLAUS, JR., *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee*.

Opinion filed June 21, 1991.

*John A. McKinnon*, of Topeka, for the appellant.

*Brian Cox*, of Legal Services Bureau, Kansas Department of Revenue, for the appellee.

Before BRISCOE, C.J., RULON, J., and DAVID S. KNUDSON, District Judge, assigned.

KNUDSON, J.: Harold L. Claus, Jr., appeals from the district court's decision affirming suspension of his driver's license for one year for failing a breathalyzer test. The Kansas Department of Revenue (KDR) cross-appeals from certain rulings by the district court.

Several issues are raised in this appeal but we conclude KDR's assertion that the district court lacked jurisdiction because of insufficient service of process must be sustained. Accordingly, the remaining issues will not be discussed.

The heading at the top of the administrative order notifying Claus of suspension of his driver's license indicates the order was issued by:

"Kansas Department of Revenue
Division of Vehicles-Driver Control Bureau
P.O. Box 2744, Topeka, Kansas 66601-2744"

The certificate of service in Claus' petition for review of the order indicates a copy was mailed to:

"Kansas Department of Revenue
Division of Vehicles-Driver Control Bureau
P.O. Box 2744
Topeka, Kansas 66601-2744"

KDR does not deny that it received actual notice. However, KDR argues proper service would be upon the Secretary of Revenue.

K.S.A. 1990 Supp. 8-259 provides that review of driver's license suspensions shall be in accord with the Act for Judicial Review and Civil Enforcement of Agency Actions. K.S.A. 77-601 *et seq.* K.S.A. 77-615(a) provides: "A petitioner for judicial review shall serve a copy of the petition in the manner provided by subsection (d) of K.S.A. 77-613 and amendments thereto upon the *agency head* or on any other person or persons designated by the agency head to receive service." (Emphasis added.) K.S.A. 77-613(d) provides in relevant part:

"Service of an order, pleading or other matter shall be made upon the parties to the agency proceeding and their attorneys of record, if any, by delivering a copy of it to them or by mailing a copy of it to them at their last known addresses. Delivery of a copy of an order, pleading or other matter means handing it to the person being served or leaving it at that person's principal place of business or residence with a person of suitable age and discretion who works or resides therein. Service shall be presumed if the presiding officer, or a person directed to make service by the presiding officer, makes a written certificate of service. Service by mail is complete upon mailing."

There are no provisions for "substantial compliance" contained in the Act comparable to those provided in the Rules of Civil Procedure by K.S.A. 1990 Supp. 60-304. *Pork Motel, Corp. v. Kansas Dept. of Health & Environment,* 234 Kan. 374, 390, 673 P.2d 1126 (1983).

"Chapter 60's requirement that the civil procedure be liberally construed is not contained within Chapter 20. In addition, Chapter 20 does not provide, as does Chapter 60, that substantial compliance of service procedure will effect valid service if the party is made aware that an action or proceeding was pending in a specific court in which that party's status or property is subject to being affected." 234 Kan. at 390.

KDR argues the notice as addressed properly served only the Driver Control Bureau, a subdivision of the Kansas Department

of Revenue, and was not proper service on the "agency head," who is the Secretary of Revenue. KDR avers that, while the Driver Control Bureau is located in the same building, it is on a different floor, is not part of the Secretary's office, and does not report directly or indirectly to the Secretary.

The language of the statutes is clear and unambiguous. We find service was improper and that the district court, and thus this court, has no jurisdiction over KDR.

Remanded with directions to the district court to dismiss Claus' petition for review.