(858 P.2d 1244)

No. 69,266

PATRICIA HUNDLEY, *Appellant,* v. DONALD PFUETZE, *Appellee.*

Opinion filed September 3, 1993.

*Blake Post,* of Topeka, for the appellant.

*Carol B. Bonebrake,* of Cosgrove, Webb & Oman, of Topeka, for the appellee.

Before ELLIOTT, P.J., GREEN, J., and STEPHEN D. HILL, District Judge, assigned.

HILL, J.: Patricia Hundley appeals the dismissal of her motion to reconsider, in which she asked the trial court to reconsider granting summary judgment in favor of Donald Pfuetze.

In her lawsuit, Hundley made claims against Pfuetze for assault and battery, sexual harassment, outrage, and invasion of privacy. The trial court granted summary judgment on October 9, 1992, and a memorandum decision was mailed to the parties that same day. On October 28, 1992, Hundley filed her motion asking the court to reconsider its order granting summary judgment. On November 9, 1992, she filed a notice of appeal from the order granting summary judgment. The trial court dismissed her motion to reconsider on December 14, 1992, after concluding it was not timely filed. Hundley then appealed from the dismissal of her motion to reconsider, and that is the order before us.

Two issues are raised on appeal. First, did the trial court have jurisdiction to decide the motion to reconsider after Hundley had filed a notice of appeal from the order granting summary judgment? Second, did the court incorrectly conclude that Hundley's motion to reconsider was not timely filed?

Concerning the first issue, it is clear that, by application of the premature appeal doctrine, the trial court could decide the motion to reconsider. Kansas courts consider a motion to reconsider to be equivalent to a motion to alter or amend judgment. *Honeycutt v. City of Wichita,* 251 Kan. 451, 460, 836 P.2d 1128 (1992). K.S.A. 1992 Supp. 60-2103(a) provides that, by filing a motion to amend judgment, a party tolls the running of the 30-day period after judgment is granted in which to file a notice of appeal. Therefore, by filing a motion to reconsider, a party tolls the running of the appeal period until that motion is decided.

A notice of appeal filed after a final judgment on the merits but before the trial court's ruling on a motion to alter or amend judgment is premature. However, it can "ripen" into a valid notice of appeal when all of the claims against the parties are

resolved. *Resolution Trust Corp. v. Bopp*, 251 Kan. 539, 541-45, 836 P.2d 1142 (1992).

Supreme Court Rule 2.03 (1992 Kan. Ct. R. Annot. 6) provides:

"A notice of appeal filed subsequent to an announcement by the judge of the district court on a judgment to be entered, but prior to the actual entry of judgment·as provided in K.S.A. 60-258, shall be effective as a notice of appeal under K.S.A. 60-2103 if it identifies the judgment or part thereof from which the appeal is taken with sufficient certainty to inform all parties of the rulings to be reviewed on appeal. Such advance filing shall have the same effect for purposes of the appeal as if the notice of appeal had been filed simultaneously with the actual entry of judgment, provided it complies with K.S.A. 60-2103(b)."

This rule promotes the determination of appeals upon their merits and eliminates the formal rigidity that hampered litigants and their attorneys in the past.

Hundley filed her notice of appeal from the order granting summary judgment before the trial court ruled upon her motion to reconsider. It was filed prematurely. But, the trial court retains jurisdiction of a case until an appeal is docketed in the appellate court. *Honeycutt*, 251 Kan. at 461. Because it retains jurisdiction until an appeal is docketed with the clerk of the appellate courts, the trial court had the authority here to rule upon the motion to reconsider. A trial court is not denied jurisdiction to hear and decide a motion to reconsider or a motion to alter or amend judgment simply because a notice of appeal is filed prematurely.

This premature appeal doctrine has been applied in appeals to the Kansas Supreme Court. In *Cornett v. Roth*, 233 Kan. 936, 939-40, 666 P.2d 1182 (1983), the court held that it had jurisdiction to hear an appeal filed after a final judgment even though a motion to reconsider was pending. The same elimination of hypertechnical interpretations of statutes and rules as expressed in Rule 2.03, *Cornett, Honeycutt,* and *Resolution Trust* should apply to trial courts. As far as possible, cases should be determined upon their merits.

Pfuetze cites authorities from other jurisdictions to the contrary. However, neither Ohio nor Florida appear to have the premature appeal doctrine that has developed in Kansas. Since their rules are different, authorities from those two jurisdictions are not persuasive.

The trial court did not lose jurisdiction to decide Hundley's motion to reconsider because she had previously filed a notice of appeal from the order granting summary judgment.

We turn to the issue of the timeliness of Hundley's motion to reconsider. Summary judgment was granted in a memorandum decision filed and mailed on Friday, October 9, 1992, and the motion to reconsider was filed on October 28, 1992. In dismissing Hundley's motion, the trial court ruled it was not timely filed. The first three days after the filing of the memorandum decision were Saturday, Sunday, and Monday, which was Columbus Day, a legal holiday. The trial court then counted the next 10-day period, starting on October 13, excluding weekends and holidays, and ending with Monday, October 26, 1992. The trial court added 3 days to the prescribed 10-day period because of service by mail, but it added them at the beginning of the period instead of at the end. If they had been added at the end of the 10-day period, Hundley's filing on October 28 would have been timely since the 10-day plus 3-day period would have elapsed on October 29. The first weekend and Columbus Day would not be counted.

K.S.A. 60-259 reads in part: "(f) A motion to alter or amend the judgment shall be served and filed not later than ten (10) days after entry of the judgment." K.S.A. 1992 Supp. 60-206(a) provides that, in the computation of any time prescribed by statute, the day from which the time begins to run shall not be included. The last day of the prescribed period shall be included, unless it is a Saturday, Sunday, or legal holiday, in which case the time runs to the next business day. In addition, where the time prescribed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded from the computation. K.S.A. 1992 Supp. 60-206(e) provides that, when a party is required to take some action within a prescribed period after service of a document, three days are added to the computation period if the document is served by mail.

The question then arises as to when the three days should be added—at the beginning or at the end of the prescribed period. We conclude the three days for mail service should be added at the end of the computation period in order to give full effect to the statute.

Our ruling is consistent with the holding in *Marinhagen v. Boster, Inc.*, 17 Kan. App. 2d 532, 536, 840 P.2d 534 (1992), in which the court directed that the 10-day period should be counted first and the 3 days for mail service then added. That opinion was filed on October 30, 1992, two days after Hundley filed her motion to reconsider.

The reasoning in *Marinhagen* is still valid in this case. K.S.A. 1992 Supp. 60-206(a) allows a party required to do something in less than 11 days the benefit of the exclusion of Saturdays, Sundays, and legal holidays. K.S.A. 1992 Supp. 60-206(e) grants a party an additional three days if served by mail. By adding the three days at the beginning of the computation period, the trial court effectively denied Hundley full benefit of the exclusion of weekends and legal holidays granted by 60-206(a).

This interpretation is consistent with the majority of federal cases that deal with identical federal rules (Fed. R. Civ. Proc. 6[a] and [e]). See *National Sav. Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 221-22 (S.D. Fla. 1989); *Nalty v. Nalty Tree Farm*, 654 F. Supp. 1315, 1317-18 (S.D. Ala. 1987). Such a conclusion is also consistent with the reasoning in *Danes v. St. David's Episcopal Church*, 242 Kan. 822, 827, 752 P.2d 653 (1988), where the court held that the time for filing postjudgment motions begins when the notice of entry of judgment is mailed.

Interpretation of a statute is a question of law. *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992). An appellate court's review of questions of law is unlimited. *In re Marriage of Sedbrook*, 16 Kan. App. 2d 668, 676, 827 P.2d 1222 (1992). Our review of the law applicable to this case reveals an error. The trial court incorrectly interpreted the statutes in question. Hundley's motion to reconsider was timely filed.

Reversed and remanded.