(36 P.3d 853)
No. 86,934

PITTSBURG STATE UNIVERSITY/KANSAS NATIONAL EDUCATION ASSOCIATION, *Appellants,* v. KANSAS BOARD OF REGENTS/ PITTSBURG STATE UNIVERSITY and KANSAS DEPARTMENT OF HUMAN RESOURCES, *Appellees.*

Opinion filed December 21, 2001.

*John G. Mazurek* and *C. A. Menghini,* of Menghini, Menghini & Mazurek, L.L.C., of Pittsburg, and *David M. Shauner,* of Kansas National Education Association, of Topeka, for appellants.

*William Scott Hesse,* assistant attorney general, and *Don Doesken,* of Kansas Department of Human Resources, for appellees.

Before GREEN, P.J., KNUDSON, J., and STEPHEN HILL, District Judge, assigned.

GREEN, J.: Pittsburg State University/Kansas National Education Association (PSU/KNEA) appeals the dismissal of its petition for judicial review of a decision of the Public Employee Relations Board (PERB). The district court dismissed PSU/KNEA's action

against the Kansas Board of Regents/Pittsburg State University (KBR/PSU) and the Kansas Department of Human Resources (KDHR) because PSU/KNEA failed to name PERB in the case caption of the petition. On appeal, PSU/KNEA argues that the district court erred in denying its motion to amend the case caption or, alternatively, that the case caption was sufficient to confer jurisdiction on the district court. We reverse and remand for further proceedings.

PSU/KNEA filed a complaint with PERB alleging that KBR/PSU refused to collectively bargain and negotiate with respect to intellectual property rights. PERB concluded that KBR/PSU had not committed a prohibited practice. In its amended final order PERB advised PSU/KNEA of the following:

"Pursuant to K.S.A. 1998 Supp. 77-527(j), K.S.A. 77-613(e), and K.S.A. 77-615(a), any party seeking judicial review must serve a copy of its petition upon the PERB board's designated agent at the following address:
A.J. Kotich, Chief Counsel
KDHR-Legal Services
401 S.W. Topeka Blvd.
Topeka, Kansas 66603-3182"

PSU/KNEA filed a petition for judicial review with the Shawnee County District Court appealing PERB's decision. The case caption of the petition names KBR/PSU and KDHR as the respondents. Although PERB is not named in the case caption, the agency is named throughout the body of the petition. Moreover, PERB had notice of the petition because PSU/KNEA timely served PERB through its designated agent, A.J. Kotich.

KDHR and KBR/PSU filed separate answers to the petition complaining about the absence of PERB from the case caption. PSU/KNEA moved to amend the petition to add PERB to the caption. The trial court denied the motion, finding that the KJRA requires strict compliance and that PSU/KNEA was out of time to amend the case caption.

KBR/PSU and KDHR moved to dismiss alleging lack of subject matter jurisdiction for failure to name PERB in the case caption. The trial court granted the motion to dismiss after finding that K.S.A. 60-210(a) requires that parties be named in the caption and

that the failure to name PERB in the caption was fatal to jurisdiction. The trial court rationalized that because PSU/KNEA failed to name PERB in the case caption, it failed to strictly comply with K.S.A. 77-613(b), which required PSU/KNEA to file its petition for judicial review against the proper agency within 30 days after service of the amended final order.

On appeal, PSU/KNEA argues that the trial court erred in denying its motion to amend the case caption. Resolution of this issue requires interpretation of the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.* Interpretation of a statute is a question of law, and this court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

As noted previously, the trial court applied K.S.A. 60-210(a) in requiring PSU/KNEA to name PERB in the case caption of its petition for review of an agency action and in determining that its failure to do so was fatal to jurisdiction. Accordingly, our first obstacle is to determine whether the trial court was correct in applying the rules of civil procedure to the KJRA appeal. K.S.A. 77-603(b) states that the KJRA "creates only procedural rights and imposes only procedural duties. They are in addition to those created and imposed by other statutes." Moreover, K.S.A. 60-201 states the scope of K.S.A. Chapter 60: "This article governs the procedure in the district courts of Kansas, other than actions commenced pursuant to chapter 61 of the Kansas Statutes Annotated, and any amendments thereto, and governs the procedure in all original proceedings in the supreme court and all suits of a civil nature whether cognizable as cases in law or in equity, except as provided in K.S.A. 60-265."

This court applied a rule of civil procedure in a KJRA appeal in *University of Kansas v. Department of Human Resources*, 20 Kan. App. 2d 354, 356-57, 887 P.2d 1147 (1995). The *University of Kansas* court held that the procedure for obtaining a more definite statement, as provided in K.S.A. 60-212(e), can be used in a proceeding for judicial review of agency actions. See also *Southwest Kan. Royalty Owners Ass'n v. Kansas Corporation Comm'n*, 244

Kan. 157, 166, 769 P.2d 1 (1989) (applying a rule of civil procedure, K.S.A. 60-252, in a KJRA agency appeal in holding that the district court is required to weigh the evidence from the record in order to make a separate and distinct ruling on each material issue on which its decision is based).

The *University of Kansas* opinion was criticized because a petition for judicial review must strictly comply with the pleading requirements of K.S.A. 77-614(b) and, as such, K.S.A. 60-212(e) should not have been applied to require a respondent to file a motion for a more definite statement when a petition for judicial review lacks the required information. Leben, *Challenging and Defending Agency Actions in Kansas*, 64 J.K.B.A. 22, 35 (June/July 1995).

Application of the rules of civil procedure in the instant case, however, is distinguishable from the court's actions in *University of Kansas* because, unlike the KJRA's strict pleading requirements, the KJRA does not have a statute providing for a case caption. Although K.S.A. 77-614 sets forth the pleading requirements, that statute, or any other provision of the KJRA, does not require a case caption. As such, the rule of statutory construction that a special statute will control over a general statute is not applicable. See generally *In re Estate of Antonopoulos*, 268 Kan. 178, 189, 993 P.2d 637 (1999). Instead, because a case caption is a logical necessity, the general statute, K.S.A. 60-210(a), supplements the KJRA and provides the rule for a case caption in a petition for judicial review of an agency action. As a result, we find that under K.S.A. 60-210(a), a petition for judicial review of an agency action must contain a case caption naming all of the parties.

We must next determine whether a petitioner may amend a petition for judicial review of an agency action to add or substitute a party in the case caption. One of the methods under K.S.A. 2000 Supp. 60-215(a) for amending a party's pleading states: "[a] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." It has been theorized that "[t]he provisions of K.S.A. 60-215 regarding amendment of pleading are not applicable: the KJRA does not contain provisions for substantial compli-

ance similar to those found in Chapter 60." Leben, 64 J.K.B.A. at 35. This blanket statement, however, has not been adopted by an appellate court of this state. In any event, while K.S.A. 2000 Supp. 60-215(a) may not allow a petitioner to amend, for example, an item of a pleading strictly required by K.S.A. 77-614(b), the KJRA does not have a case caption requirement. As such, a strict compliance rule does not apply to the case caption and, under K.S.A. 2000 Supp. 60-215(a), the trial court may grant leave to amend the case caption of a petition for judicial review of an agency action if the amendment is in the interest of justice.

Here, the trial court should have allowed PSU/KNEA to amend the case caption to add or substitute PERB as a party because the amendment would be in the interest of justice. PSU/KNEA should be allowed to amend the case caption because PERB's notice of right to seek judicial review misleadingly specified a KDHR attorney as its designated agent. This inconsistency on the part of PERB may have prompted PSU/KNEA to name KDHR rather than its subagency PERB in the case caption. As a result, PSU/KNEA should have been allowed to amend the case caption under K.S.A. 2000 Supp. 60-215(a) to add or substitute PERB as a party.

It is next necessary to determine whether PSU/KNEA's petition for judicial review would be timely once the case caption is amended to add or substitute PERB as a party. As noted previously, K.S.A. 77-613(b) required PSU/KNEA to file its petition for judicial review within 30 days of PERB's final order. Amendment of the petition would relate back to the date of filing if K.S.A. 2000 Supp. 60-215(c) applies and if the statutory provisions of that subsection are satisfied. It provides:

"(c) An amendment of a pleading relates back to the date of the original pleading when:

(1) The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by law for commencing the action against the party including the period for service of process under K.S.A. 60-203 and amendments thereto, the party to be brought in by amendment: (A) Has received such notice of the institution of

the action that the party would not be prejudiced in maintaining a defense on the merits; and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Although K.S.A. 77-613(b) requires a pleading to be filed within 30 days of service of the order, application of K.S.A. 2000 Supp. 60-215(c) to permit relation back of an amendment of a case caption of a petition for judicial review would not conflict with this strict compliance requirement. PSU/KNEA strictly complied with K.S.A. 77-613(b) by filing its petition for judicial review within 30 days of PERB's final order. Permitting PSU/KNEA's amendment of the case caption to relate back to the date of filing would not compromise this strict compliance requirement because amendment of the case caption would not extend the period of time in which PSU/KNEA had to file its petition. As a result, we find that K.S.A. 2000 Supp. 60-215(c) supplements the KJRA to allow for relation back of an amendment of the case caption of a petition for judicial review, provided that the statutory requirements are satisfied.

We must next determine whether under K.S.A. 2000 Supp. 60-215(c) PSU/KNEA's amendment of the case caption of its petition for judicial review relates back to the date of filing. First, the condition set out in subsection (c)(1) of the statute was satisfied because the claim still arises out of the same transaction or occurrence—PERB's denial of PSU/KNEA's claim against KBR/PSU.

Moreover, K.S.A. 2000 Supp. 60-215(c)(2)(A) of the statute was satisfied if, within the period provided by law for commencing the action, PERB received sufficient notice of PSU/KNEA's agency appeal so that it would not be prejudiced. On appeal, KBR/PSU and KDHR argue that PSU/KNEA did not strictly comply with the notice requirements of the KJRA because PSU/KNEA did not serve PERB's agency head. K.S.A. 77-615(a) provides:

"A petitioner for judicial review shall serve a copy of the petition in the manner provided by subsection (e) of K.S.A. 77-613, and amendments thereto, upon the agency head, *on any other person or persons designated by the agency head to receive service, on any agency officer designated to receive service in an order* or on the agency officer who signs the order." (Emphasis added.)

*Claus v. Kansas Dept. of Revenue*, 16 Kan. App. 2d 12, 13, 825 P.2d 172 (1991), held that a petitioner for judicial review did not strictly comply with K.S.A. 77-613(d) because he did not serve the agency head. The instant case is distinguishable from *Claus* because PERB's notice of right to seek judicial review designated A.J. Kotich as the agent to receive service and, as such, PSU/KNEA was required to serve Kotich rather than PERB's agency head. As noted in *Claus*, "[a] petitioner for judicial review shall serve a copy of the petition upon the agency head *or on any other person or persons designated by the agency head to receive service . . . ."* (Emphasis added.) 16 Kan. App. 2d 12, Syl. As a result, we find that K.S.A. 2000 Supp. 60-215(c)(2)(A) was satisfied because PERB received sufficient notice of the agency appeal through PSU/KNEA's timely service of Kotich.

Finally, we find that K.S.A. 2000 Supp. 60-215(c)(2)(B) was satisfied because PERB knew or should have known that it was the correct respondent to PSU/KNEA's agency appeal. PERB should have known that it was a proper party to the appeal because it was the agency whose action was at issue. PSU/KNEA's petition identified that the agency action at issue was PERB's final order denying PSU/KNEA relief. Moreover, PERB should have known that PSU/KNEA mistakenly named KDHR as a respondent because PERB's notice of right to seek judicial review misleadingly identified a KDHR attorney as the designated agent. As a result, because PERB was timely served with PSU/KNEA's petition via service to Kotich, PERB knew within the period provided by law for commencing the appeal that but for PSU/KNEA's mistake concerning the identity of the proper party, PERB would have been named as a respondent to the agency appeal. Because we find that the K.S.A. 2000 Supp. 60-215(c) requirements were satisfied, amendment of PSU/KNEA's case caption relates back to the date of filing.

It is important to note that we do not suggest that the KJRA should always be supplemented by Chapter 60 rules of procedure. Instead, our application of specific rules of civil procedure to agency appeals is narrowly tailored to (1) require a case caption under K.S.A. 60-210(a) in a petition for judicial review of an agency

action, (2) permit amendment to the case caption of a petition for judicial review of an agency action to add or substitute a party under K.S.A. 2000 Supp. 60-215(a), and (3) allow for relation back of an amendment of a case caption of a petition for judicial review if the statutory requirements of K.S.A. 2000 Supp. 60-215(c) are satisfied. We find it necessary to supplement the KJRA with these provisions of Chapter 60 because a case caption is a logical necessity that is not provided for in the KJRA.

We next consider whether PSU/KNEA's petition was otherwise sufficient to confer jurisdiction on the trial court. This court has the duty to question jurisdiction on our own initiative. See *State v. Snodgrass*, 267 Kan. 185, 196, 979 P.2d 664 (1999).

In reaching the issue of whether PSU/KNEA's petition conferred jurisdiction on the trial court, we must first determine whether a petition for judicial review of an agency decision is jurisdictional. The *University of Kansas* court declined "to treat the specificity requirement under K.S.A. 77-614(b) as a jurisdictional rule" and instead adopted the standard of notice pleading found under the general civil code for the review of agency decisions. 20 Kan. App. 2d at 357.

The *University of Kansas* opinion was criticized by then Chief Judge Brazil in a concurring opinion to *Karns v. Kansas Bd. of Agriculture*, 22 Kan. App. 2d 739, 923 P.2d 78 (1996). Chief Judge Brazil observed that an inherent problem with the *University of Kansas* court's analogy to Chapter 60 cases "is that the very issue involved is whether, pursuant to the KJRA's directive, administrative agency actions are to employ the same pleading procedures as general civil cases." 22 Kan. App. 2d at 750 (Brazil, C.J., concurring).

We agree with Chief Judge Brazil's concurring opinion that the issue is essentially one of statutory construction. The KJRA established the exclusive means of judicial review of agency action. K.S.A. 77-606. The requirements for a petition for judicial review under the KJRA are contained at K.S.A. 77-614. K.S.A. 77-614 sets forth the pleading requirements of a petition for judicial review:

"(b) A petition for judicial review shall set forth:
(1) The name and mailing address of the petitioner;

(2) the name and mailing address of the agency whose action is at issue;

(3) identification of the agency action at issue, together with a duplicate copy, summary or brief description of the agency action;

(4) identification of persons who were parties in any adjudicative proceedings that led to the agency action;

(5) facts to demonstrate that the petitioner is entitled to obtain judicial review;

(6) the petitioner's reasons for believing that relief should be granted; and

(7) a request for relief, specifying the type and extent of relief requested."

Stating that the KJRA contemplates more than the mere notice pleading that is permitted under the rules of civil procedure, Professor Ryan noted the following in his authoritative analysis of the KJRA's petition for judicial review:

"Obviously, the KJRA contemplates a petition that goes beyond the simple 'notice' petition which was conceptually the cornerstone of the new Code of Civil Procedure a few decades ago in this state. The reason is quite simple. By having a universal remedy that is universally available under one form of action no matter what type of agency action is challenged, the petition itself becomes significant in terms of identifying the type of agency action challenged. It is important to know whether the agency action is basically a rule challenge or is appeal of a specific order. One reason is critical. The timeliness for filing the different types are significantly different . . . . In addition, because the remedies under K.S.A. 77-622 constitute the broad range of all remedies conceptually available, then the kind of agency action complained of need be identified as well as the kind of relief requested. In other words, specificity in pleading is necessary to provide a more manageable framework for processing the petition within this 'universal' appeal structure." Ryan, *The New Kansas Administrative Procedure and Judicial Review Acts*, 54 J.K.B.A. 53, 67 (1985).

As Professor Ryan's analysis indicates, specificity in pleading under the KJRA is necessary to give focus to the asserted agency error and to give the reviewing court a proper understanding of the type of relief sought.

Although different, the petition for judicial review under the KJRA serves a similar function to the notice of appeal in general civil cases. In such cases, it has long been the rule that our appellate courts lack jurisdiction to consider rulings which are not identified in the notice of appeal. See *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, Syl. ¶ 1, 869 P.2d 598 (1994); *State v. Marble*, 21 Kan. App. 2d 509, 519, 901 P.2d 521, *rev. denied* 258 Kan. 861 (1995).

We reject the holding in *University of Kansas* that the petition for judicial review is not jurisdictional. Instead, we hold that the failure to comply with the pleading requirements set forth in K.S.A. 77-614(b) precludes a litigant's statutorily granted right of appeal.

The next question is whether PSU/KNEA's petition for judicial review strictly complied with the pleading requirements of the KJRA so as to confer jurisdiction on the district court. On appeal, KBR/PSU and KDHR argue that PSU/KNEA's petition for judicial review did not strictly comply with K.S.A. 77-614(b)(2) because the petition does not state the name and mailing address of the agency whose action is at issue.

PSU/KNEA's petition sets forth the following:

"3) Review is requested of a decision of the Public Employee's Relations Board ('PERB') journalized on April 12, 2000, and entitled Amended Final Order including Notice of Right to Seek Judicial Review. PERB is a state agency under the Kansas Department of Human Resources ('Respondent Agency'), whose mailing address is 401 S.W. Topeka Boulevard, Topeka, Kansas 66603-3182, the head of which agency is Richard E. Beyer, Secretary.

"4) The parties before PERB were the Petitioner and the employer Respondents identified herein who are obligated to meet and confer over conditions of employment . . . ."

The appellees contend that the petition does not strictly comply with K.S.A. 77-614(b)(2) because the petition names KDHR as the "Respondent Agency" and lists KDHR's mailing address.

We find that PSU/KNEA strictly complied with K.S.A. 77-614(b)(2) in that the petition for judicial review clearly identifies PERB as the agency whose action is at issue. The petition specifically requests review of PERB's decision. Moreover, although the petition lists KDHR's mailing address, this address is the same one PERB used in designating its agent. We will not allow PERB to benefit from the misleading notice of right to seek judicial review by finding that PSU/KNEA failed to strictly comply with the pleading requirements of the KJRA. Instead, we find that PSU/KNEA strictly complied with the pleading requirements of K.S.A. 77-614(b) so as to confer jurisdiction on the trial court.

As a result, the trial court erred in finding that it lacked subject matter jurisdiction, and we remand the case to the district court

for further proceedings. In light of this decision, it is unnecessary to address PSU/KNEA's alternative argument that the case caption was sufficient to confer jurisdiction on the district court.

Reversed and remanded for further proceedings.