(99 P.3d 1141)

No. 91,373

IN RE DRIVING PRIVILEGES OF G.L. MUNDHENKE.

—

Opinion filed November 5, 2004.

*J. Brian Cox*, of Kansas Department of Revenue, of Topeka, for appellant.

*Kenneth E. Peirce*, of Peirce Law Office, of Hutchinson, for appellee.

Before RULON, C.J., MCANANY, J., and BRAZIL, S.J.

Rulon, C.J.: Respondent Kansas Department of Revenue appeals the district court's dismissal of the administrative suspension of petitioner G.L. Mundhenke's driver's license. We reverse.

On August 16, 2002, the petitioner was stopped at a driving under the influence (DUI) checkpoint at 4th Street and Ford in Hutchinson, Kansas. The petitioner exhibited bloodshot eyes, smelled of alcohol, and acknowledged that he had recently consumed alcohol. Additionally, the petitioner failed the field sobriety tests and the preliminary breath test. Consequently, petitioner was arrested and subsequently tested on the Intoxilyzer 5000, which indicated an alcohol concentration of .094.

On August 21, 2002, the respondent received the petitioner's written request for an administrative hearing. Eventually, an administrative hearing was held, after which the hearing officer affirmed the suspension of driving privileges. The written order, dated October 10, 2002, clearly designated that any petition for judicial review must be served upon the Secretary of Revenue, although the notice only mentioned service of a copy of the petition, not a summons as well.

On October 15, 2002, the petitioner filed his petition for judicial review and forwarded a copy to the Kansas Department of Revenue, Division of Vehicles, Driver Control Bureau, P. O. Box 2744, Topeka, KS 66601-2744, which was the designation printed on the letterhead of the administrative hearing order. The petitioner alleged that because he had waived the right to cross-examine the certifying officer as a condition of his diversion agreement in the criminal prosecution, he did not understand that he could call the officer to testify at the administrative hearing. Specifically, the petitioner claimed the administrative hearing should have been dismissed.

On November 15, 2002, the respondent filed a motion to dismiss the petitioner's petition for judicial review on several grounds. First, the respondent claimed the petitioner's allegation of error possessed no legal merit. Second, the petitioner failed to comply with K.S.A. 8-1020 by serving the Division of Vehicles, Driver Control Bureau, instead of the Secretary of Revenue. Moreover, the petitioner failed to serve a summons on either the Department of Revenue or its agency head, the Secretary of Revenue.

The district court held a hearing on January 8, 2003, and on January 21, 2003, the court filed an order dismissing the petitioner's action on two independent grounds. First, the court found the petitioner's request for review of the administrative suspension was moot because the respondent had failed to suspend the petitioner's driving privileges 30 days after the administrative hearing order and had consequently waived the right to suspend petitioner's driving privileges. In the alternative, the court found the petitioner had failed to execute proper service upon the Secretary of Revenue and, under the reasoning of *Claus v. Kansas Dept. of Revenue*, 16 Kan. App. 2d 12, 825 P.2d 172 (1991), the district court lacked jurisdiction over petitioner's action.

On February 5, 2003, the respondent filed a motion to alter or amend the district court's judgment. The respondent argued the Department could not lawfully suspend the petitioner's driving privileges until the petitioner's appeal of the order suspending the license was final and such appeal was not final until the district court had ruled on the motion to dismiss.

On March 6, 2003, the petitioner filed a motion to dismiss the respondent's motion to alter or amend the judgment, contending the motion was untimely. The district court did not rule upon this motion until October 1, 2003. The court ultimately agreed with the petitioner's analysis and dismissed the motion to alter or amend. The court further affirmed its earlier order dismissing the administrative suspension of the petitioner's driver's license.

## Motion to Alter or Amend

Because the timeliness of the respondent's motion to alter or amend affects the timeliness of the notice of appeal, the jurisdiction of this court is at issue. See *City of Lawrence v. McCormick*, 275 Kan. 509, 510, 66 P.3d 854 (2003) (holding that an untimely notice of appeal deprives an appellate court of jurisdiction). As such, the district court's ruling that the motion to alter or amend was untimely must first be considered.

The petitioner argued and the district court apparently found that a motion to alter or amend must be filed within 10 days of the judgment inclusive of weekends and holidays. This issue involves interpretation of the pertinent statutes, which is a question of law over which this court has unlimited review. See *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

K.S.A. 60-259(f) states: "A motion to alter or amend the judgment shall be served and filed not later than ten (10) days after entry of the judgment." In *Hundley v. Pfuetze*, 18 Kan. App. 2d 755, 758, 858 P.2d 1244, *rev. denied* 253 Kan. 858 (1993), this court held that in considering the timeliness of a motion to alter or amend a judgment, the method of calculation prescribed by K.S.A. 60-206(a) for periods less than 11 days is employed. If the judgment was mailed to the parties, the mail-rule provided by subsection (e) is then added to the filing deadline established by the initial calculation. 18 Kan. App. 2d at 758.

K.S.A. 2003 Supp. 60-206(a) states in pertinent part: "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Here, the district court's initial order dismissing the administrative suspension of the petitioner's driver's license

was filed on Tuesday, January 21, 2003. Excluding Saturday, January 25; Sunday, January 26; Saturday, February 1; and Sunday, February 2, the respondent had until Tuesday, February 4, 2003, to timely file a motion to alter or amend.

However, K.S.A. 2003 Supp. 60-206(e) further provides:

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period."

The petitioner concedes the district court order was mailed to the respective parties. Consequently, K.S.A. 2003 Supp. 60-206(e) is applicable, and the respondent should have been given an additional 3 days to submit a motion to alter or amend. Such motion was due on or before February 7, 2003. Because the respondent filed the motion to alter or amend the judgment on February 5, 2003, the motion was timely. The petitioner contends such method of calculation is incorrect. This court has consistently applied the calculation method advocated by the respondent. See *Hundley*, 18 Kan. App. 2d 755; *Marinhagen v. Boster, Inc.*, 17 Kan. App. 2d 532, 840 P.2d 534 (1992), *rev. denied* 252 Kan. 1092 (1993). These cases are well reasoned, and the petitioner fails to present a convincing argument such calculation should not be followed here.

We conclude the district court erred in finding the respondent's motion to alter or amend the judgment was not timely. Because a timely filed motion to alter or amend a judgment terminates the statutory time period for filing a notice of appeal and begins such period again following the district court's ruling on the motion, the respondent's notice of appeal to this court was timely. See K.S.A. 2003 Supp. 60-2103(a).

## Dismissal of Suspension

As an alternate basis for dismissing the motion to alter or amend, the district court affirmed the court's prior ruling that the administrative suspension of the petitioner's driver's license should be dismissed because the suspension period was not initiated on the 30th day following the administrative order. The respondent contends the court misconstrues the respondent's obligations under

the applicable statutes. This issue involves a question of law, and this court possesses unlimited review. See *Cooper*, 277 Kan. at 252.

"If the licensee makes a timely request for an administrative hearing, any temporary license issued pursuant to K.S.A. 8-1002, and amendments thereto, shall remain in effect until the 30th calendar day after the effective date of the decision made by the division." K.S.A. 8-1020(b).

"The licensee may file a petition for review of the hearing order pursuant to K.S.A. 8-259, and amendments thereto. Upon filing a petition for review, the licensee shall serve the secretary of revenue with a copy of the petition and summons. Upon receipt of a copy of the petition for review by the secretary, the temporary license issued pursuant to subsection (b) shall be extended until the decision on the petition for review is final." K.S.A. 8-1020(o).

Here, the district court found that because the Secretary of Revenue never properly received a copy of the petition for review, the respondent should have started the suspension period on the 30th day following the administrative order affirming the suspension of the petitioner's driving privileges. The district court found the respondent had taken inconsistent positions with respect to the filing of the petition for review. On one hand, the respondent contended the petitioner failed to provide adequate notice to the Secretary of Revenue, while, on the other hand, the respondent argued that the Department of Revenue could not commence the suspension of the petitioner's driving privileges because the petitioner had filed a petition for review.

The district court's reasoning fails to account for the distinction between actual notice and proper statutory service of notice. In *Claus*, 16 Kan. App. 2d 12, Syl., this court noted that the Department of Revenue had actual notice of an improperly served petition for review but that the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601, *et seq.*, did not provide for substantial compliance with the service provisions.

The district court's interpretation of K.S.A. 8-1020(o) would require the Department of Revenue to initiate the petitioner's suspension period, despite having knowledge of the petitioner's attempt to petition for review of his administrative suspension, without awaiting the district court's adjudication concerning the

propriety of service to the Department of Revenue. The district court's interpretation of the statute grants the Department of Revenue the authority to determine whether proper service of a petition for review was effected.

Under K.S.A. 8-1020(o), when the Department of Revenue is aware of a petition for review of a driver's license suspension, the temporary extension of driving privileges continues until the petition for review is resolved, including, as in this case, where the petition for review is dismissed for lack of proper service under the statute. The mere belief that the Department of Revenue possesses a procedural defense to a petition for review does not bar the operation of K.S.A. 8-1020(o).

Any contrary interpretation creates the potential for injustice. Assuming the Department of Revenue, as in this case, believed that service was not properly effected upon the Secretary of Revenue and imposed the administrative suspension of the petitioner's driving privileges on November 9, 2002, the 30-day suspension would have been completed before the district court held a hearing on the motion to dismiss the petition for review on January 8, 2003, which would render the petitioner's appeal moot. Even if the Department of Revenue's perceived procedural defense possessed no merit and the district court became convinced that the merits of the driver's petition for review provided a basis for relief, the district court would be left with no remedy. See *Rodarte v. Kansas Dept. of Transportation*, 30 Kan. App. 2d 172, 183, 39 P.3d 675, *rev. denied* 274 Kan. 1113 (2002).

Where the Department of Revenue is aware of a petition for review of an administrative proceeding which is pending in district court, K.S.A. 8-1020(o) requires a suspension in the implementation of the administrative sanction until the petition for review is fully resolved. The district court erred in finding the Department of Revenue had waived its right to impose an administrative suspension of the petitioner's driving privileges by not initiating such suspension 30 days from the administrative order.

Although the district court also dismissed the petitioner's petition for review on the basis of improper service to the Secretary of Revenue, this issue was not appealed by the petitioner and is,

therefore, not properly before this court. See *Barkley v. Toland,* 7 Kan. App. 2d 625, 627, 646 P.2d 1124, *rev. denied* 231 Kan. 799 (1982).

Reversed.