(176 P.3d 1002)
No. 98,354

DAVID MARTIN PRICE and RAYMOND A. WHITEBREAD, *Appellants*, v. KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellee*.

Opinion filed February 22, 2008.

*David Martin Price* and *Raymond A. Whitebread*, appellants pro se.

*Matthew W. Boddington*, of Kansas Department of Social and Rehabilitation Services, of Topeka, for appellee.

Before MARQUARDT, P.J., GREEN and LEBEN, JJ.

LEBEN, J.: David Martin Price and Raymond A. Whitebread have appealed the decision of the Kansas Department of Social and Rehabilitation Services (SRS) that substantiated allegations of physical abuse of a child against Price and Whitebread. We are not able to reach the arguments raised in their appeal, however, because Price and Whitebread failed to serve their petition for judicial review in the manner required by law.

The adverse agency decision came after Price and Whitebread walked out in the middle of an administrative hearing that they had requested for the purpose of challenging the agency's decision. A proposed default order was then sent to Price and Whitebread. The proposed order confirmed the agency's finding and also informed Price and Whitebread that "the Secretary of SRS, Gary

Daniels, is designated as the individual to receive service of a petition for judicial review."

Price and Whitebread sent a motion for reconsideration and objections to the proposed default order, which the administrative hearing officer treated as a request to vacate that proposed default order; he denied that request, making the default order effective. The hearing officer advised Price and Whitebread that they had 30 days to file a petition for review with the district court and redirected them to the instructions of how to appeal the decision as found in the proposed default order. Despite having been told in writing that they had to serve Daniels with the petition, Price and Whitebread served it only upon the legal assistant to an SRS attorney.

K.S.A. 77-613(e) requires service of a pleading both to the party and to the party's attorney of record. The Secretary of SRS is the designated representative for purposes of service upon that agency, see K.S.A. 75-5301(a), 77-527(j), and 77-615(a), and Price and Whitebread were advised that service of the petition for judicial review had to be made upon Gary Daniels, Secretary of SRS.

Failure to serve the agency head when required by statute leaves the courts without jurisdiction. In *Claus v. Kansas Dept. of Revenue*, 16 Kan. App. 2d 12, 825 P.2d 172 (1991), a driver sought review of a decision by the Kansas Department of Revenue. Rather than serving the Secretary of Revenue, the driver served the Kansas Department of Revenue, Division of Vehicles—Driver Control Bureau. The court found that this service was not what was required by statute and that the court lacked jurisdiction to review the agency's action.

The same situation is present here: Price and Whitebread were required by statute to serve the agency head, but they did not do so. The statutes applicable here do not provide that the failure to follow the statutory requirements may be overlooked on the ground that there has otherwise been substantial compliance with them. *Reifschneider v. Kansas State Lottery*, 266 Kan. 338, 342, 969 P.2d 875 (1998); *Claus*, 16 Kan. App. 2d at 13.

The applicable statutes were amended in 1995 in an attempt to avoid dismissals that were based on technical errors, like the one

in *Claus*. See L. 1995, ch. 175, secs. 6, 12, amending K.S.A. 77-527(c) and 77-615(a); Testimony of Kansas Judicial Council, House Judiciary Committee, February 7, 1995, and Senate Judiciary Committee, March 16, 1995. Despite the legislature's good intentions, that error has now been repeated in this case. The 1995 amendment to K.S.A. 77-526(c) required that agency orders identify the person to be served with the petition for review, and the amendment to K.S.A. 77-615(a) provided that service of the petition could be made on the agency head, the person designated in the order for service, or "on the agency officer who signs an order." The agency order here complied with K.S.A. 77-526(c) by designating the person to be served. Price and Whitebread did not serve that person, Daniels, the agency head. Since the 1995 amendments were made, the legislature has also opted to have hearing officers from the Office of Administrative Hearings at the Kansas Department of Administration preside over most administrative hearings in Kansas. See K.S.A. 75-37,121. In such cases, there is no additional "agency officer who signs [the] order" because the hearing officer is not from within the agency. Thus, in this case and like others heard by officers assigned from the Office of Administrative Hearings, K.S.A. 77-615(a) requires service upon the agency head or upon the person designated for service. Since the person designated in our case also was the agency head, Price and Whitebread needed to serve the agency head. They did not do so.

The district court properly dismissed the petition for judicial review for lack of jurisdiction. Because we too lack jurisdiction, we cannot address any of the issues raised by Price and Whitebread regarding the case. The judgment of the district court dismissing the petition for judicial review is affirmed.