NOT DESIGNATED FOR PUBLICATION

No. 126,251

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

COMMUNITY HEALTH CENTER OF SOUTHEAST KANSAS, INC.,
*Appellant*,

v.

KANSAS DEPARTMENT OF LABOR,
*Appellee*,

and

DR. JENNIFER DEINES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Crawford District Court; KURTIS I. LOY, judge. Submitted without oral argument. Opinion filed August 2, 2024. Affirmed.

*Kyle M. Fleming*, of The Fleming Law Firm, LLC, of Pittsburg, for appellant.

*Todd Thornburg*, deputy chief counsel, of Kansas Department of Labor, for appellee.

Before HILL, P.J., ATCHESON and CLINE, JJ.

PER CURIAM: Kansas law calls for judicial review of the actions of State agencies. This case focuses on the technical aspects of such a review.

The Community Health Center of Southeast Kansas, Inc. appeals the dismissal of its petition for judicial review of a Department of Labor ruling. This order concerns the

1

Health Center's action discharging one of its employees. The district court ruled that by serving the petition and summons on the Kansas Attorney General's office instead of the Secretary of Labor—which is required by K.S.A. 77-615—the court had no jurisdiction to proceed. To us, the Community Health Center contends it substantially complied with the service statute and the Department had actual notice that the petition had been filed.

*The record reveals no service of process upon the Secretary of Labor.*

Dr. Jennifer Deines sought administrative relief from the Department of Labor because her employment was terminated. The Community Health Center terminated the doctor's employment when she failed to get a COVID-19 vaccine. She alleged that the Community Health Center violated Section 1 of 2021 Special Session House Bill 2001 by denying her request for a religious exemption. The Department of Labor ruled for Dr. Deines.

The final order included instructions on how a party could appeal the order and obtain judicial review of the ruling:

> "**<u>NOTICE OF APPEAL RIGHTS</u>**: Pursuant to Sec. 1(c)(2)(B) of 2021 Special Session H.B. 2001, this Order constitutes a Final Order of the Secretary of the Kansas Department of Labor. To obtain judicial review of this Final Order, an aggrieved party must (1) file a petition with the appropriate district court clerk within 30 (thirty) days after the mailing of this notice, and (2) serve a copy of the petition on Amber Shultz, Secretary of the Kansas Department of Labor, c/o Linda Wichman, Employment Standards, 401 SW Topeka Blvd., Topeka, KS 66603-3182. See K.S.A. 77-601 *et seq.* For questions, call (785) 296-5000, Option 5."

We note the specific requirement in the statute that the Secretary of the Department of Labor must be served a copy of the petition. See K.S.A. 77-615(a).

The Community Health Center petitioned for judicial review in the district court and issued a summons to the Department of Labor. Service of that summons was never achieved. The Kansas Attorney General's office sent Community Health Center notice of its intention to enforce the final order. After that the Community Health Center served a copy of its petition for judicial review and summons on the Kansas Attorney General.

The Department then moved to dismiss the petition for lack of personal jurisdiction because Community Health Center failed to serve the Secretary of Labor or her designee. Community Health Center responded by arguing that the Attorney General was designated to accept service and that it had substantially complied with the service requirements per K.S.A. 77-614(e).

The district court ruled that the Community Health Center did not comply with the service requirements because it did not serve the proper agency. The court dismissed the petition for lack of personal jurisdiction. The court denied the Community Health Center's motion to reconsider, and it now appeals.

*We discuss the two aspects of judicial jurisdiction.*

A district court's authority to issue orders and judgments requires both subject matter jurisdiction and personal jurisdiction. This appeal does not concern subject matter jurisdiction. Personal jurisdiction is the power over a defendant's person and is only acquired by issuance and service of process as prescribed by statute or by voluntary appearance. *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 92-93, 106 P.3d 492 (2005).

3

Resolution of this case requires our interpretation of certain statutes. Statutory interpretation presents a question of law over which appellate courts have unlimited review. *Bruce v. Kelly*, 316 Kan. 218, 224, 514 P.3d 1007 (2022). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be determined. *Johnson v. U.S. Food Service*, 312 Kan. 597, 600, 478 P.3d 776 (2021). An appellate court must first attempt to learn legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Bruce*, 316 Kan. at 224. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Schmidt v. Trademark, Inc.*, 315 Kan. 196, 200, 506 P.3d 267 (2022).

The Kansas Judicial Review Act establishes the exclusive means of judicial review of an agency action. K.S.A. 77-606. The Act requires service of pleadings upon the parties and their attorneys of record:

> "(e)  Service of an order, pleading or other matter shall be made upon the parties to the agency proceeding and their attorneys of record, if any, by:
> (1) Delivering a copy of it to them;
> (2) mailing a copy of it to them at their last known addresses; or
> (3) transmitting a copy of it to them by electronic means when authorized by supreme court rule or a local rule." K.S.A. 77-613(e).

In its final order, the agency is required to "state the agency officer to receive service of a petition for judicial review on behalf of the agency." K.S.A. 77-613(e). Service must be on the agency head or other person designated to receive service:

> "(a)  A petitioner for judicial review shall serve a copy of the petition in the manner provided by subsection (e) of K.S.A. 77-613, and amendments thereto, upon the agency head, on any other person or persons designated by the agency head to receive

4

service, on any agency officer designated to receive service in an order or on the agency officer who signs an order." K.S.A. 77-615(a).

The notice given to the Community Health Center here reflected the requirements of this statute.

We note that this procedure differs from the Kansas Code of Civil Procedure, K.S.A. 60-101 et seq., where service on a state agency is accomplished "by serving the attorney general or an assistant attorney general." K.S.A. 2023 Supp. 60-304(d)(5). We are not dealing with the Civil Procedure Code here but must follow the Act dealing with judicial review of agency actions.

Even so, under both the Act and Code, substantial compliance with the service requirement is sufficient for the court to acquire jurisdiction. This substantial compliance language was added to the Act in 2009: "In any method of serving process, substantial compliance shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that the petition or appeal had been filed." K.S.A. 77-614(e); see K.S.A. 2023 Supp. 60-204.

Prior to 2009, Kansas courts required strict compliance with the service requirements in the Act because the Act contained no substantial compliance provision comparable to that in the Code. See *Reifschneider v. State*, 266 Kan. 338, 342, 969 P.2d 875 (1998). Therefore, when petitioners failed to serve the agency head when required by K.S.A. 77-615(a), it was determined that service was improper, and the district court had no jurisdiction. See *Price v. Kansas Dept. of SRS*, 39 Kan. App. 2d 86, 87-88, 176 P.3d 1002 (2008) (finding no jurisdiction when pleading was served on legal assistant to an SRS attorney rather than the Secretary of SRS).

5

While we find no relevant cases interpreting the substantial compliance language now found in K.S.A. 77-614(e), we think making an analogy is useful here. Other Kansas courts have interpreted similar language found in K.S.A. 2023 Supp. 60-204—we think following that interpretation here is appropriate.

Substantial compliance means "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *Fisher v. DeCarvalho*, 298 Kan. 482, Syl. ¶ 3, 314 P.3d 214 (2013). "[T]he paramount objective of any method of service of process is that 'the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected.' K.S.A. 60-204." 298 Kan. at 491. The defendant's awareness "must emanate from the serving party's actions." 298 Kan. at 492.

In *Fisher*, the court held that by requiring that service to an individual at a business address be completed by certified mail, restricted delivery to the addressee only, the Legislature signaled that actual delivery to the individual is an essential matter. It is necessary to assure the reasonable objective of making the party served aware that an action or proceeding is pending in a specified court in which his or her person, status, or property is subject to being affected. 298 Kan. at 491-92. In that case, the plaintiff mailed the summons and petition to the defendant's business address by unrestricted certified mail. An individual other than the defendant signed for the envelope. The court held that the plaintiff did not substantially comply with the statutory method of the service, notwithstanding the defendant's actual awareness of the proceeding. 298 Kan. at 491-92.

Kansas courts have held that serving process on someone other than a statutorily designated recipient does not constitute substantial compliance. There have been exceptions where the person served has control or authority over the statutorily designated recipient. See *Myers v. Board of Jackson County Comm'rs*, 280 Kan. 869, 875-77, 127 P.3d 319 (2006); *Young v. Turner Unified School District No. 202*, No.

6

108,376, 2013 WL 518315, at *2 (Kan. App. 2013) (unpublished opinion). "Requiring service on the statutorily designated representatives of governmental entities promotes orderly progression of civil litigation by insuring that a responsible, ranking official receives process and by avoiding collateral disputes over whether service on some other employee imparted actual notice." *Young*, 2013 WL 518315, at *2. Those exceptions do not appear to apply here when service was simply attempted on the attorney general.

We know also that when service of process is required on a particular government unit, service on another separate and distinct government unit does not constitute substantial compliance because it would create a new method of serving process. See *Mondonedo v. Shawnee County District Attorney*, No. 108,934, 2013 WL 2321201, at *2-3 (Kan. App. 2013) (unpublished opinion) (holding service of process on district attorney's office insufficient where statute required service on attorney general's office because the offices were legally and physically separate government units).

In lawsuits against cities, our courts have held that service on the city attorney does not constitute substantial compliance with the statutory requirement that service be made on the clerk or mayor. *Hopkins v. State*, 237 Kan. 601, 604-05, 702 P.2d 311 (1985); *Dunn v. City of Emporia*, 7 Kan. App. 2d 445, 447-50, 643 P.2d 1137 (1982). Service on the city attorney can be compared to service on the attorney general here.

Here, Community Health Center did not substantially comply with K.S.A. 77-615(a). The Department of Labor and the Attorney General's office are separate governmental entities. The attorney general does not have control or authority over the Secretary of Labor. By requiring service on the agency head in K.S.A. 77-615(a), as distinguished from K.S.A. 2023 Supp. 60-304(d)(5) where service is on the attorney general, the Legislature signaled that service on the agency is an essential matter that is necessary to assure the reasonable objective of making the agency aware that the petition had been filed. See K.S.A. 77-614(e); *Fisher*, 298 Kan. at 491-92.

7

Community Health Center cites *Byrd v. Kansas Dept. of Revenue*, 43 Kan. App. 2d 145, 221 P.3d 1168 (2010)*, but *Byrd* does not help here. The *Byrd* court noted that after the Legislature added language to K.S.A. 8-1001 stating the act was to be liberally construed, the courts could not rely on earlier cases requiring strict compliance with K.S.A. 8-1002(c) (governing service of notice of suspension of driving privileges). 43 Kan. App. 2d at 154. But as explained above, substantial compliance does not mean that the petitioner can serve their government agent of choice.

The Community Health Center contends that the Attorney General's office stepped in as agent and attorney for the Department of Labor by its letter dated April 2022 and was thus a person designated to receive service. We are not so persuaded.

K.S.A. 77-615(a) allows service of the petition on the agency head or "on any other person or persons *designated by the agency head* to receive service." (Emphasis added.) There is no indication here the agency head designated the attorney general to receive service. Rather, the Department of Labor designated "Amber Shultz, Secretary of the Kansas Department of Labor, c/o Linda Wichman" to receive service in its final order.

Even if the Attorney General's office could designate itself as agent to receive service of process for the Department, it did not do so in the April 2022 letter. Rather, the letter states the Attorney General's office and the Department were unaware that Community Health Center had petitioned for review. It states that because the "appeal time for a Judicial Review Act appeal has now passed," the Department referred the final order to the Attorney General's office for enforcement.

In this judicial review of administrative action, we focus on the procedures that must be followed. Personal jurisdiction must be obtained in order to procure review of agency actions. We find that the Community Health Center did not substantially comply

8

with K.S.A. 77-615(a). Therefore, we hold the district court correctly dismissed the petition for lack of personal jurisdiction.

Affirmed.