No. 119,717

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ELOISE B. LUCKETT,
*Appellant*,

v.

KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellee*.

SYLLABUS BY THE COURT

1.

Under the Kansas Judicial Review Act, K.S.A. 77-601 et seq., a prerequisite to filing a petition for judicial review is the exhaustion of all administrative remedies available within the agency.

2.

K.S.A. 2018 Supp. 44-709(b)(3) provides that the decision of the unemployment compensation examiner shall be final unless the claimant files an appeal within 16 calendar days after either mailing or delivery of the notice to the claimant.

3.

K.S.A. 2018 Supp. 44-709(b)(2) allows an unemployment compensation examiner to reconsider a decision, provided good cause is shown, prior to the termination of the benefit year, which, according to K.S.A. 2018 Supp. 44-703(d), lasts for one year following a valid claim for benefits.

4.

When a claimant seeks reconsideration of an unemployment compensation examiner's decision, the 16-day time limit for appeals set forth in K.S.A. 2018 Supp. 44-709(b)(3) is inapplicable. Instead, the one-year time limit as set forth in K.S.A. 2018 Supp. 44-709(b)(2) and K.S.A. 2018 Supp. 44-703(d) applies.

5.

Under the facts of this case, when the unemployment compensation examiner denies a request for benefits on the grounds that required documentation has not been received from the claimant, but the decision denying benefits expressly states that the claim will be reevaluated should the proper documentation be provided, the claimant's subsequent submittal of the required documents or a request that the examiner reconsider whether the claimant had presented the required documents is not an appeal of the examiner's adverse decision but a request for reconsideration unless the claimant indicates otherwise.

6.

The Code of Civil Procedure, K.S.A. 2018 Supp. 60-101 et seq., may be used by the district court to supplement the Kansas Judicial Review Act if the provision is a logical necessity that is not addressed within the Act. Therefore, a petitioner's motion to amend its petition for judicial review to add an unrelated claim in mandamus pursuant to K.S.A. 2018 Supp. 60-215 is not barred by the Act.

Appeal from Geary District Court; BENJAMIN J. SEXTON, judge. Opinion filed May 31, 2019. Reversed and remanded with directions.

*Peter Charles Rombold*, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, of Junction City, for appellant.

*Justin McFarland*, special assistant attorney general and deputy general counsel, Kansas Department of Labor, for appellee.

Before LEBEN, P.J., GREEN and POWELL, JJ.

POWELL, J.:  Eloise B. Luckett appeals the district court's dismissal of her petition for judicial review of the Kansas Employment Security Board of Review's (Board) denial of her unemployment insurance benefit claims. Before us, she argues the district court erred in granting the Board's motion to dismiss for three reasons:  (1) A disputed material fact precluded the district court's dismissal of her petition; (2) she established excusable neglect sufficient to justify her untimely appeal of the examiner's August 4, 2017 decision; and (3) the district court failed to address her motion to amend.

But Luckett's claims before the Kansas Department of Labor (KDOL) did not really involve appeals from a denial of benefits. According to the record, in her letter to the KDOL in November 2017, she principally sought payment for benefits authorized by the examiner but that were never paid. Additionally, she sought reconsideration of the examiner's determination that she had not provided the proper documentation to allow for the award of benefits. Instead of directly addressing these claims, the KDOL, to put it in the vernacular, "blew her off" and instead applied a "cookie-cutter" appeal-track approach which doomed her claims because she had submitted her requests well after the time limit allowed for appeals.

We hold the Board erred in affirming the referee's decision to construe Luckett's reconsideration claim as an appeal from the denial of benefits. The KDOL should have considered Luckett's letter as one seeking reconsideration of the examiner's order and allowed the examiner to make a determination on the merits as to the sufficiency of Luckett's documentation. Moreover, because Luckett timely appealed the referee's decision construing her request for reconsideration as an appeal, her appeal to the Board

3

was timely. Once the Board denied her claim, she exhausted her administrative remedies and properly and timely sought judicial review. The district court thus erred by dismissing her petition for judicial review on exhaustion grounds.

As for Luckett's claim that the KDOL had failed to pay her benefits the examiner found she was owed, we find the district court erred by failing to consider her amendment to her petition seeking relief in mandamus for this nonpayment. As our review of the relevant statutes involving administrative proceedings within the KDOL reveals no administrative procedure allowing a claimant to seek enforcement of an examiner's decision to award benefits, Luckett may have a valid claim. Moreover, Luckett's claim for the payment of benefits authorized by the examiner is not subject to the exhaustion requirement because there were no administrative remedies to exhaust. Thus, the district court erred by dismissing Luckett's petition without considering her amendment.

Accordingly, we reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

Relevant to this appeal, the record shows Luckett filed for weekly unemployment insurance benefit claims with the KDOL and received four examiner's decisions finding her eligible and ineligible for unemployment insurance benefits on different dates as follows:

- On May 22, 2017, the examiner found Luckett medically ineligible for benefits beginning April 30, 2017, based on a licensed health care provider's certified statement. The decision advised Luckett to report any changes in status, to appeal the decision within 16 days, to continue filing her weekly claims, and listed her address as Junction City, Kansas.

4

- On May 30, 2017, the examiner found that if Luckett met all other eligibility requirements, she qualified for unemployment insurance benefits beginning March 31, 2017. The decision listed her address as Junction City, Kansas.

- On June 27, 2017, the examiner found Luckett ineligible for benefits beginning June 11, 2017, because she failed to provide the required information on whether she had limitations affecting the type of work she could perform under K.S.A. 2017 Supp. 44-705. The examiner advised Luckett that she would remain ineligible until she provided the required information and then the KDOL would reevaluate her claim. The decision listed Luckett's address as a P.O. Box in Bern, Kansas.

- On August 4, 2017, the examiner found Luckett ineligible for benefits beginning July 16, 2017, because Luckett had failed to provide a health care provider certification showing her ability to work with limitations under K.S.A. 2017 Supp. 44-705. The decision advised Luckett she would remain ineligible for benefits until she provided the information and, once provided, the KDOL would reevaluate her claim. The decision listed her address as Junction City, Kansas.

The same examiner issued the May 22, June 27, and August 4, 2017 decisions.

In a letter from her counsel to the KDOL dated November 2, 2017, Luckett sought payment of unemployment benefits granted to her in the May 30, 2017 order and challenged the examiner's August 4, 2017 decision that she had not submitted the required health care provider certification by claiming she had submitted the required documents. The referee interpreted Luckett's letter as appeals of the examiner's three decisions issued on May 22, June 27, and August 4, 2017, denying her benefits. Without conducting a hearing, the referee dismissed Luckett's appeals on the grounds that she had

failed to timely appeal the examiner's decisions and had failed to establish excusable neglect for an untimely appeal under K.S.A. 2017 Supp. 44-709(b)(3). As a result, the referee found Luckett ineligible for unemployment benefits beginning on April 30, 2017; June 11, 2017; and July 16, 2017. The referee did not address Luckett's claim that she had not been paid the unemployment benefits authorized in the May 30, 2017 decision.

On December 22, 2017, again through counsel, Luckett sent another letter to the KDOL, complaining that the referee had improperly construed her inquiry as appeals of the examiner's decisions denying benefits when she was principally seeking payment for benefits already ordered. Luckett stated that if she needed "to 'appeal' from a determination in order to enforce a claim, then please consider this an 'appeal' from that December 12, 2017 determination."

Additionally, Luckett stated that her hospitalization from August 4 to August 24, 2017, caused her not to receive the August 4 decision until she returned home. Luckett did not challenge her periods of ineligibility under the examiner's decisions but argued she properly sent in the required forms and called in the required information to validate her claims. Luckett admitted she had some trouble reporting her claims at times. She requested the KDOL, at a minimum, pay her unemployment benefits for her time periods of eligibility between March 31 and May 3, 2017, and between August 24 and November 29, 2017.

The Board construed Luckett's second letter as three timely appeals of the referee's decisions and, without conducting a hearing, affirmed the examiner's denial of benefits in three separate decisions issued on January 18, 2018. Like the referee, the Board dismissed Luckett's three appeals because a review of the record showed Luckett had failed to timely appeal and had failed to establish excusable neglect for an untimely appeal of the examiner's decisions.

6

On February 1, 2018, Luckett timely petitioned for judicial review in the district court. In her petition, she claimed the Board's decisions violated her due process rights, were based upon an erroneous interpretation or application of the law, were unsupported by substantial evidence when viewed in light of the record as a whole, and were otherwise arbitrary and capricious. In its February 20, 2018 answer, the Board denied Luckett's claims and asserted the district court lacked jurisdiction to consider Luckett's petition due to Luckett's failure to exhaust her administrative remedies. Specifically, the Board alleged that Luckett had failed to timely appeal the examiner's decisions and show excusable neglect for an untimely appeal of the examiner's August 4, 2017 decision.

The Board followed up its answer with a motion to dismiss roughly two months later, arguing the same grounds for dismissal as it had alleged in its answer. On May 7, 2018, Luckett responded by asserting that her claims were not "appeals" and thus not untimely. Alternatively, Luckett claimed she had shown excusable neglect because her hospitalization had made it impossible for her to timely appeal the August 4, 2017 decision within the 16-day time limit set out in K.S.A. 2018 Supp. 44-709(b)(3).

The next day, Luckett moved to amend her petition for judicial review. Her amendment sought to clarify her claims under the KJRA as well as add an entirely new claim in mandamus.

In a written order, the district court granted the Board's motion to dismiss, holding it lacked jurisdiction because of Luckett's failure to exhaust her administrative remedies and specifically cited Luckett's untimely appeal of the examiner's decisions and her failure to show excusable neglect for her untimely appeal of the examiner's August 4, 2017 decision. The district court did not address Luckett's motion to amend.

Luckett timely appeals.

DID THE DISTRICT COURT ERR IN DISMISSING
LUCKETT'S PETITION FOR JUDICIAL REVIEW?

On appeal, Luckett argues the district court erred by dismissing her petition because (1) a disputed issue of fact precluded the district court's dismissal; (2) she had established excusable neglect for her failure to timely appeal the examiner's August 4 decision; and (3) the district court failed to rule on her motion to amend.

A.      *Standard of Review*

The Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., governs judicial review of a decision by the Kansas Employment Security Board of Review. See K.S.A. 2018 Supp. 44-709(i); K.S.A. 2018 Supp. 77-603(a). Because we exercise the same statutorily limited review of the Board's decision as the district court, our review is the same as if it had been appealed directly to this court. See *In re Tax Appeal of Fleet*, 293 Kan. 768, 776, 272 P.3d 583 (2012). On appeal, the party asserting an invalidity on the part of an agency bears the burden of proving such invalidity. K.S.A. 2018 Supp. 77-621(a)(l).

B.      *Does the summary judgment standard apply to administrative appeals?*

Initially, Luckett tries to persuade us that the standards for summary judgment should have applied before the district court. Apparently, Luckett's contention is that because the record is unclear as to whether she even knew of the examiner's August 4, 2017 decision, the absence of such a fact calls into question the rejection of her excusable neglect argument. She provides us with no authority supporting such a proposition.

As we stated above, Luckett's appeal is based upon the KJRA, which circumscribes the district court's review and our review. When a petitioner alleges that an

agency erroneously interpreted or applied the law, the issue presents a question of law over which our review is unlimited. See K.S.A. 2018 Supp. 77-621(c)(4); *Jones v. U.S.D. No. 259*, 55 Kan. App. 2d 567, 575, 419 P.3d 62 (2018). But if there is an argument over the facts, namely whether substantial competent evidence supports the agency's judgment, then our review is limited to examining the record to determine whether substantial competent evidence supports the agency's findings in light of the record as a whole. See K.S.A. 2018 Supp. 77-621(c)(7); *Sierra Club v. Moser*, 298 Kan. 22, 62, 310 P.3d 360 (2013). In reviewing the evidence, an appellate court does not "reweigh the evidence or engage in de novo review." K.S.A. 2018 Supp. 77-621(d); *Rhodenbaugh v. Kansas Employment Sec. Bd. of Review*, 52 Kan. App. 2d 621, 631, 372 P.3d 1252 (2016), *rev. denied* 306 Kan. 1319 (2017). Therefore, we reject the application of the summary judgment standard to administrative appeals in this context. Moreover, as we will explain below, even if we assume that Luckett was unaware of the examiner's August 4, 2017 decision, such a fact is not material to our resolution of the case.

C.    *Did the district court err in finding Luckett showed no excusable neglect for an untimely appeal of the examiner's August 4, 2017 decision?*

The linchpin of the district court's dismissal order is its agreement with the Board's contention that Luckett had failed to exhaust her administrative remedies prior to filing her petition, thus depriving the court of jurisdiction. It is well settled that "[u]nder the KJRA, a prerequisite to filing a petition for judicial review is the exhaustion of 'all administrative remedies available within the agency.' K.S.A. 77-612; see K.S.A. 77-607(a)." *Friedman v. Kansas State Bd. of Healing Arts*, 287 Kan. 749, 752, 199 P.3d 781 (2009). In fact, "'the time for taking an administrative appeal, as set by statute, is jurisdictional and delay beyond the statutory time limit is fatal.'" *Moser v. Kansas Dept. of Revenue*, 289 Kan. 513, 519-20, 213 P.3d 1061 (2009). "Whether a party is required to or has failed to exhaust its administrative remedies is a question of law over which we

have unlimited review." *Miller v. Kansas Dept. of S.R.S.*, 275 Kan. 349, 353, 64 P.3d 395 (2003).

K.S.A. 2018 Supp. 44-709(b)(3) states:

"Notwithstanding the provisions of any other statute, a decision of an examiner or special examiner shall be final unless the claimant or the most recent employing unit of the claimant files an appeal from the decision as provided in subsection (c), except that the time limit for appeal may be waived or extended by the referee or board of review if a timely response was impossible due to excusable neglect. The appeal must be filed within 16 calendar days after the mailing of notice to the last known addresses of the claimant and employing unit or, if notice is not by mail, within 16 calendar days after the delivery of the notice to the parties."

It is undisputed by the parties that Luckett's November 2, 2017 letter seeking relief is well beyond the 16-day time limit set forth in the statute above. In fact, the referee and the Board both relied upon K.S.A. 2018 Supp. 44-709(b)(3) to support their decisions that Luckett's "appeal" was untimely. Many of the arguments made before the district court and before us revolve around whether Luckett had established sufficient excusable neglect to justify her late "appeal." In fact, one of Luckett's main arguments in her brief is that she was unaware of the examiner's August 4, 2017 decision given her hospitalization from August 4 to August 24, 2017, and that this lack of knowledge plus her hospitalization prevented her from timely appealing the examiner's August 4, 2017 decision within the 16-day time limit set out in K.S.A. 2018 Supp. 44-709(b)(3). See *Slayden v. Sixta*, 250 Kan. 23, 28-29, 825 P.3d 119 (1992) (lack of knowledge can constitute sufficient grounds to establish excusable neglect).

Our problem with these arguments is that none of them address what is at the heart of the agency's findings here, namely, whether Luckett's November 2017 letter constituted an appeal of the examiner's decisions, specifically, the August 4, 2017

10

decision, in the first instance. As we will explain, Luckett's November 2017 letter did not constitute an appeal of any adverse decision of the examiner. In fact, Luckett made this point repeatedly below but it was ignored by both the KDOL and the district court. This is significant because if Luckett's claims are not appeals of adverse examiner decisions denying her benefits, then the strict 16-day time limit for appeals set forth in K.S.A. 2018 Supp. 44-709(b)(3) is inapplicable.

In its August 4, 2017 decision denying Luckett benefits, the examiner stated:

"The claimant is ineligible for unemployment insurance benefits beginning 7-16-17.

"Information has been received that the claimant has limitations that affect the type of work the claimant could accept. The Department requested a Health Care Provider's Certification to determine whether or not the claimant is eligible for benefits due to those limitations. The claimant has either failed to respond or failed to provide sufficient information.

"Absent such information, the Department is unable to determine that the claimant is eligible for benefits under K.S.A. 44-705. The claimant is ineligible for benefits and will remain ineligible until the required information is provided, at which time the claim will be *reevaluated*." (Emphasis added.)

The examiner's decision is significant because it leaves open the door that the determination of Luckett's eligibility for benefits will be reevaluated or reconsidered once Luckett properly supplied the correct information. This is consistent with K.S.A. 2018 Supp. 44-709(b)(2), which allows an examiner to reconsider a decision, provided good cause is shown, prior to the termination of the benefit year, which lasts for one year following a valid claim for benefits. See K.S.A. 2018 Supp. 44-703(d) (definition of benefit year).

11

Luckett's November 2017 letter to the KDOL appears in part to be a request for such reconsideration. The letter stated in relevant part:

"In that August 4, 2017 determination, KDOL incorrectly stated my client had not provided healthcare provider certification or able and available statements. In fact, she faxed and emailed those statements to KDOL. Enclosed in this letter is yet another return to work (RTW) memorandum dated August 2, 2017 from her healthcare provider stating that Ms. Luckett is able to return to work.

"I also enclose all medical provider certifications, able and available, and RTW memorandums that Ms. Luckett has provided, or attempted to provide to KDOL by means of fax, mail and phone calls from May of this year to date."

Neither the referee nor the Board explained why this letter should be construed as an appeal. Given the examiner's invitation to Luckett that it would reevaluate her claim should she provide the required documents, we view Luckett's letter not as an appeal but more accurately as a request for reconsideration of the examiner's decision as allowed by K.S.A. 2018 Supp. 44-709(b)(2). This construction of Luckett's actual intent is supported by Luckett's reaction to the referee's decision to construe her counsel's letter as an appeal. In her counsel's second letter to the KDOL dated December 22, 2017, she objected to the characterization of her letter as an appeal. Counsel wrote:

"[O]n August 4, 2017, KDOL issued another Notice of Determination declaring [Luckett] medically ineligible beginning on July 16, 2017. My client did not appeal from that determination. Instead, she continued to supply the information required of her by that determination, specifically: 'a Health Care Provider's Certification to determine whether or not the claimant is eligible for benefits.' *See*, KDOL Notice of Determination, dated August 4, 2017. This determination went on to state that upon provision of such information, my client's claim would be reevaluated. My client has done so, and our letter of November 2, 2017 was intended to follow up.

. . . .

12

"On December 12, 2017, KDOL responded to our November 2, 2017 inquiry as if it was an 'appeal' from the August 4, 2017 determination, instead of an inquiry into the status of Ms. Luckett's claim. *See*, Decision dated December 12, 2017. If we need to 'appeal' from a determination in order to enforce a claim, then please consider this an 'appeal' from that December 12, 2017 determination."

Additionally, in Luckett's response to the Board's motion to dismiss before the district court, Luckett again stated "she was not appealing from the Agency's determination as much as she was attempting to ascertain why the Agency was not doing what it previously said it would do."

We find that Luckett's November 2017 letter was not an appeal of the examiner's decision but, in part, a request for reconsideration by the examiner. Therefore, the Board erred by construing the letter as an appeal and by affirming the referee's decision also construing Luckett's letter as an appeal. Moreover, as Luckett's November 2, 2017 letter was sent to the KDOL less than three months after the examiner's August 4, 2017 decision, it certainly was not untimely because it was sent prior to the termination of the benefit year as required by K.S.A. 2018 Supp. 44-709(b)(2). Because Luckett's request for reconsideration of the examiner's decision was not untimely, her subsequent appeal of the referee's decision to the Board also was not untimely. See K.S.A. 2018 Supp. 44-709(c). Given that her appeals within the KDOL were not untimely and Luckett received an adverse final order from the Board, the district court erred in concluding that Luckett had failed to exhaust her administrative remedies. Accordingly, we reverse the district court's decision dismissing Luckett's petition on exhaustion grounds.

D.    *Did the district court erroneously dismiss Luckett's petition for judicial review without ruling on her motion to amend?*

Luckett also argues that the district court's dismissal of the case without even considering her motion to amend under K.S.A. 2018 Supp. 60-215(a)(2) in order to add a

13

claim in mandamus was error. We review a district court's decision on a motion to amend the pleadings under an abuse of discretion standard. *Thompson v. State*, 293 Kan. 704, 709, 270 P.3d 1089 (2011). An abuse of discretion occurs if "(1) no reasonable person would take the view adopted by the trial judge; (2) the ruling is based on an error of law; or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion was made." *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

Under K.S.A. 2018 Supp. 60-215(a)(2), once 21 days have passed after service of the pleading, "a party may amend its pleading only with the opposing party's written consent, or the court's leave. The court should freely give leave when justice so requires." Here, Luckett sought to amend her petition for judicial review more than 21 days after she served it and only a few days before the district court issued its dismissal order. There is nothing in the record to show that the Board objected to the amendment, and the district court did not even address the issue in its dismissal order.

However, it is unclear whether amendments under K.S.A. 2018 Supp. 60-215 to a petition for judicial review are even permissible. See K.S.A. 2018 Supp. 77-614; *Pruitt v. Kansas Dept. of Revenue*, No. 115,709, 2017 WL 5616794, at *6 (Kan. App. 2017) (unpublished opinion). Our Supreme Court has stated "that the Code of Civil Procedure may be used by the district court to supplement the KJRA if the provision is a logical necessity that is not addressed within the KJRA." *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 97, 106 P.3d 492 (2005); see K.S.A. 2018 Supp. 60-101 et seq. Our court has previously allowed an amendment under K.S.A. 60-215 to a petition for judicial review to permit the party to alter the case caption. See *Pittsburg State Univ. v. Kansas Bd. of Regents*, 30 Kan. App. 2d 37, 40-41, 36 P.3d 853 (2001), *rev. denied* 273 Kan. 1036 (2002). Given the nature of Luckett's amendment, we see no legal bar to it under the facts before us.

14

The most consequential portion of Luckett's amendment seeks to add an entirely new cause of action in mandamus unrelated to her petition for judicial review. She seeks an order from the district court compelling the KDOL to pay her unemployment benefits authorized by the KDOL's own examiner. This strikes us as consistent with the purpose of a mandamus action. "Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." K.S.A. 60-801. However, "[t]he writ of mandamus is discretionary with the court and will not issue as a matter of right." *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1025, 686 P.2d 171 (1984). Moreover, a petitioner cannot generally rely on a claim in mandamus when other remedies at law or in an administrative proceeding have not been exhausted. See *Farmers Banshares of Abilene, Inc. v. Graves*, 250 Kan. 520, 522, 826 P.2d 1363 (1992) (affirming dismissal of civil suit where proposed class sought corporate franchise tax refunds through mandamus and injunctive relief but "[b]ecause the forms of relief sought by Farmers are provided for in K.S.A. 77-622, Farmers' exclusive remedy is through KJRA"); *Wilson Certified Foods, Inc. v. Reid*, 211 Kan. 613, 614, 507 P.2d 339 (1973) ("It is well-established in a long line of decisions of this court that mandamus will not lie where petitioners have not availed themselves of and exhausted other adequate remedies.").

Luckett's main complaint all along has been that the KDOL failed to pay her weekly unemployment benefits that it ordered be paid. Remember, the examiner's May 30, 2017 decision expressly approved her claim for unemployment benefits beginning March 31, 2017. However, Luckett has repeatedly and consistently claimed that she has never been paid these benefits. Luckett's November 2017 letter to the KDOL inquiring about this lack of payment was ignored by both the referee and the Board. In fact, at no time has the KDOL ever addressed this issue. As our independent research has failed to locate a statute or KDOL rule allowing a claimant to seek enforcement of a KDOL order granting benefits under K.S.A. 2018 Supp. 44-705, Luckett may have a valid claim in

15

mandamus. See *Platt v. Kansas State University*, 305 Kan. 122, 135-37, 379 P.3d 362 (2016) (exhaustion requirement inapplicable to claims against agency of the state falling outside of KJRA). Accordingly, it was error for the district court to dismiss Luckett's petition for judicial review without considering her motion to amend.

E.      *Conclusion*

In light of our holdings today, we remand the matter to the district court with directions for it to do two things:  (1) properly consider whether Luckett should be allowed to amend her petition to add a claim in mandamus; and (2) remand to the Board Luckett's claim that the Board improperly refused to consider her request that the examiner reconsider its August 4, 2017 decision. Upon remand to the Board, the Board is to direct the examiner to reconsider whether Luckett has provided sufficient documentation necessary to determine whether she qualifies for unemployment benefits. To facilitate possible subsequent judicial review, the examiner and, if it acts, the Board shall provide an explanation of any decision, including why the information submitted is insufficient.

Reversed and remanded with directions.