NOT DESIGNATED FOR PUBLICATION

No. 124,769

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GARY E. ROBERT,
*Appellant*,

v.

KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed November 4, 2022. Affirmed.

*Jerry D. Bogle*, of Young, Bogle, McCausland, Wells & Blanchard, P.A., of Wichita, for appellant.

*Jessica A. Bryson*, special assistant attorney general, Kansas Department of Labor, for appellee.

Before CLINE, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: The Kansas Employment Security Board of Review (KESBR) affirmed the denial of Gary E. Robert's unemployment benefits after Robert's attorney twice violated its procedures for a telephone review hearing. We find no error in KESBR's decision or the district court's dismissal of Robert's petition for judicial review of that decision.

1

FACTS

Robert applied for unemployment compensation benefits after he was fired. But a KESBR claims examiner found him disqualified from receiving such benefits because his employer discharged him for poor job performance. Robert requested a hearing to review this determination through his attorney, Jerry Bogle.

KESBR's Office of Appeals scheduled Robert's telephone hearing for October 7, 2020, and mailed both parties and Bogle a notice of that hearing. This notice stated: "To participate in the hearing, you MUST register for the hearing no later than 1:00 PM, central time, the business day before the hearing. If you do not timely register, then you will not be allowed to participate in the hearing." The notice provided instructions to register for the hearing either online or by telephone.

Also included with the notice of hearing was a document entitled "Important Appeal Hearing Information." This document prominently stated at the top of its first page:

"Register for the hearing. You are required to register after receiving the Notice of Telephone Hearing in order to participate in the hearing. . . .

. . . .

"You should register immediately when you receive your hearing notice. You must be registered no later than 1 p.m. (central time) the business day before your hearing."

This document explained that the appeal referee would call the parties to conduct the hearing. It repeated the instructions for registering either online or by telephone.

Robert did not register or appear at his hearing, so the appeals referee decided the appeal based on the record, as required by K.A.R. 48-1-5(a). The appeals referee found

2

the evidence supported the claims examiner's decision and affirmed Robert's disqualification from benefits.

Bogle then requested a new hearing, explaining that Robert's failure to appear was due to Bogle's misunderstanding of the procedures. Bogle explained that he had provided his telephone number in his initial appeal letter dated July 29, 2020. He claimed he had received a telephone call confirming the date and time of the hearing about a month before the hearing, so he believed he had registered for the hearing through that call.

The appeals referee granted Robert's request, finding that he had shown good cause for failing to appear at the originally scheduled hearing, and set aside his earlier decision. The agency mailed a notice of the date and time of the new hearing to Robert, Bogle, and Robert's employer, along with the same written instructions as before about the registration requirements for participation.

Robert once again failed to timely register and did not appear at the November 16, 2020 hearing. Again, the appeals referee found the evidence supported the claims examiner's decision and affirmed Robert's disqualification from benefits based on the agency record.

A few days later, Bogle requested another hearing. This time, he alleged that he did not realize he had to call and register the day before the hearing and once he learned of this requirement on the day of the hearing, it was too late.

On November 30, 2020, the appeals referee denied this request, explaining that counsel's inadvertence did not amount to good cause for failing to register. In support of this finding, the referee noted that Bogle had not shown good faith since he had not contacted the agency on the day of the hearing, nor had he requested a continuance when he realized it was too late to register. More importantly, the referee explained, Robert had

3

already taken advantage of the agency's leniency in obtaining a new hearing after he failed to register for the first hearing and was alleging the same reason as an excuse for missing the second hearing. The referee did not find Bogle's excuse that he did not realize he had to register by 1 p.m. on the business day before the hearing to be credible since he was already made aware of the requirement through multiple notices and after his failure to register for the first hearing. The referee noted that granting Bogle's second request for a new hearing would be unjust to Robert's employer, who had abided by the agency's procedures. The referee treated Bogle's request for a new hearing as an appeal of the referee's decision and provided information on how to proceed further.

Bogle next sent a letter to the Board handling the appeal, claiming the appeals referee's decision contained incorrect information. He explained that his office had called in at the time of the hearing, but they were told there was "'nothing [they] could do.'" He included an affidavit from his legal assistant attesting to these facts. He also said this legal assistant had only been with his office for a few months and had never handled an unemployment appeal.

In January 2021, KESBR issued a decision adopting the appeals referee's findings and affirming his decision.

Bogle then petitioned on behalf of Robert for judicial review of KESBR's determination in Sedgwick County District Court. He argued the agency's decision was: (1) not supported by substantial evidence, (2) arbitrary and capricious, (3) an abuse of discretion, and (4) improper as a matter of law. He asked the court to reverse the Board's decision, determine Robert was eligible for unemployment benefits, and find he was "entitled by excusable neglect" to a remand for a hearing before the KESBR Office of Appeals.

At the hearing on his petition for review, however, Bogle changed course, making new arguments to excuse his failure to register. He first argued the Code of Civil Procedure should apply instead of the Kansas Judicial Review Act (KJRA). Because he was appealing a procedural issue, not the merits of his claim, he alleged K.S.A. 2021 Supp. 60-260(b) was a more appropriate standard than K.S.A. 77-621. Next, he argued the Supreme Court's Administrative Order suspending statutory deadlines and time limitations related to COVID-19 applied to excuse his failure to register. Finally, Robert argued that if the KJRA applied, the agency had acted unreasonably in finding that he failed to show a good-faith attempt to register and this decision did not have a proper foundation because the agency record did not include the calls his office placed with the agency.

Besides these new arguments, Bogle provided a different version of the facts on his office's attempt to register for the hearing. First, he now claimed his assistant called KESBR's scheduling office at 3 p.m. on the last business day before the hearing and was told it was too late to register. He argued this attempt was a good-faith effort to register.

When pressed by the district court on the variance of this account from his assistant's affidavit and his own letter, Bogle said his assistant had drafted both the letter and affidavit and had been mistaken. Bogle alleged that he "signed a letter that is not accurate," and claimed he was giving the court his "personal recollection as an officer of this court."

To support his new claim that his assistant had called on the business day before the hearing, Bogle said he understood the notices required him to register on the last business day before the hearing and not any time before then. This contradicted the excuse he gave to the agency, as both letters he sent to KESBR stated he did not realize they needed to call and register on the last business day before the hearing and instead believed an earlier call was sufficient.

5

KESBR argued the Supreme Court's Administrative Order suspending deadlines did not apply under separation of powers principles, as that directive only applied to the judicial branch and KESBR was part of the executive branch as an administrative agency. KESBR also argued the KJRA provided the exclusive means for seeking judicial review of an agency action. And it alleged KESBR's decision that Bogle had not shown good cause when he offered essentially the same excuse a second time was not arbitrary and capricious.

The district court agreed the KJRA applied and the Supreme Court Order suspending deadlines did not. The court also noted that Robert's concerns about the agency's failure to include his calls in the record were unfounded, because he could (and did) include this information in the record through the letters and affidavit. And the court pointed out that even assuming the affidavit and letters were wrong, Robert still admitted to missing the registration deadline by several hours. The court found Robert failed to carry his burden to establish the invalidity of the agency action and affirmed KESBR's decision.

ANALYSIS

*Did the district court err in determining the Code of Civil Procedure did not apply?*

Robert first claims on appeal that the district court erred in finding the KJRA provided the exclusive means for review of his claim. He argues the KJRA does not address whether to grant a hearing based on a claimant's failure to timely register in accordance with agency rules. As a result, he claims K.S.A. 2021 Supp. 60-260(b)(1) of the Code of Civil Procedure applies and provides a basis for granting him relief.

While we agree with KESBR that Robert's brief violates Supreme Court Rule 6.02(a)(4) (2022 Kan. S. Ct. R. at 36) for its failure to cite to the record (and its

6

mischaracterization of the record), the issue Robert raises is a legal one. And while we do not condone Robert's violation, we need not consider his recitation of the facts to decide it.

Whether the Code of Civil Procedure applies to supplement the KJRA is a question of statutory interpretation. *Pittsburg State University v. Kansas Board of Regents*, 30 Kan. App. 2d 37, 39, 36 P.3d 853 (2001). We review such issues de novo. *Carman v. Harris*, 313 Kan. 315, 318, 485 P.3d 644 (2021).

The KJRA is "the exclusive means of judicial review of agency action." K.S.A. 77-606. When reviewing an agency action under the KJRA, a court may grant relief only when it determines the agency violated one or more of the provisions listed in K.S.A. 77-621(c)(1)-(8). *Via Christi Hospitals Wichita v. Kan-Pak*, 310 Kan. 883, 889, 451 P.3d 459 (2019).

Robert argues that K.S.A. 77-621(c) does not address the issue presented by his claim and that K.S.A. 2021 Supp. 60-260(b)(1) of the Code of Civil Procedure should thus apply as a necessary statutory gap filler. In support, he contends that when the KJRA does not address a subject, the Code of Civil Procedure may be used as a supplement, citing *Luckett v. Kansas Employment Security Bd. of Review*, 56 Kan. App. 2d 1211, 445 P.3d 753 (2019).

Robert is correct that "'the Code of Civil Procedure may be used by the district court to supplement the KJRA if the provision is a logical necessity that is not addressed within the KJRA.'" 56 Kan. App. 2d at 1222 (quoting *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 97, 106 P.3d 492 [2005]). But this concept has only been applied to provide standards for procedural issues not addressed by the KJRA, such as amending a complaint and service of process. See *Pieren-Abbott*, 279 Kan. at 98-100; *Luckett*, 56 Kan. App. 2d at 1222; *Pittsburg State University*, 30 Kan. App. 2d at 40-41.

Rather than providing a procedural rule for a situation not addressed by the KJRA, Robert seeks to apply the Code of Civil Procedure as an alternate avenue for relief on the merits. In other words, Robert seeks to circumvent the KJRA, not supplement it.

Robert's allegation that the KJRA offers him no avenue to challenge the agency's determination that he was not entitled to another hearing is meritless. Robert argues on appeal that the agency erred in concluding that he failed to show good cause justifying a continuance. The appeals referee determined that Robert had not shown good cause excusing his failure to timely register. Applying K.A.R. 48-1-4(f), the Board adopted the referee's findings and affirmed this determination. As KESBR points out, Robert had potentially three avenues to challenge this determination under K.S.A. 77-621(c): as an erroneous interpretation or application of the law under K.S.A. 77-621(c)(4); as a failure to follow prescribed procedure under K.S.A. 77-621(c)(5); or by challenging the agency action as unreasonable, arbitrary, or capricious under K.S.A. 77-621(c)(8). And Robert, seemingly recognizing this fact, argued alternatively below that if the KJRA applied, he was entitled to relief under K.S.A. 77-621(c)(8).

K.S.A. 77-621(c) provides an exclusive list of the grounds on which a petitioner may seek judicial review of an agency action and applies to the agency action Robert challenges here. Because Robert seeks to circumvent the KJRA, rather than provide a logical supplement to its procedures, we find the district court did not err in refusing to apply K.S.A. 2021 Supp. 60-260(b)(1).

*Did the procedures used by the Board deny Robert his due process rights?*

Robert next argues that his due process rights were violated when he was not allowed to participate in the hearing for failing to timely register. But he fails to explain how he believes his due process rights were violated. Instead, he simply argues that his

attorney was confused by the language in the notices on the registration requirement. But we see no ambiguity in the language.

KESBR asks us to consider this issue waived and abandoned by Robert's failure to properly brief it. KESBR's point has merit. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018) (where an appellant fails to brief an issue, appellate courts will consider it waived or abandoned). Robert also failed to raise this claim before the district court and does not explain why it should be considered for the first time on appeal, in violation of Kansas Supreme Court Rule 6.02(a)(5).

"Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review." *State v. Leshay*, 289 Kan. 546, 553, 213 P.3d 1071 (2009) (citing *State v. Alger*, 282 Kan. 297, 304, 145 P.3d 12 [2006]). We decline to consider this issue as not properly before us.

*Did the district court err in determining that Kansas Supreme Court Administrative Order 2021-PR-009 did not apply?*

Finally, Robert claims the district court erred in determining that Kansas Supreme Court Administrative Order 2021-PR-009, effective January 26, 2021, did not apply to excuse his failure to timely register. This issue presents another question of law over which we exercise unlimited review. See *In re Marriage of Callaghan*, 19 Kan. App. 2d 335, 335-36, 869 P.2d 240 (1994).

Administrative Order 2021-PR-009 incorporated by reference and extended several previous Administrative Orders issued by the court, including Kansas Supreme Court Administrative Order 2020-PR-101, effective September 15, 2020. And Administrative Order 2020-PR-101, in turn, extended Kansas Supreme Court Administrative Order 2020-PR-058, effective May 27, 2020.

Administrative Order 2020-PR-058 contains the following directive: "All statutes of limitation and statutory time standards or deadlines *applying to the conduct or processing of judicial proceedings* are suspended until further order or the termination of this order under the terms of H. Sub. for S.B. 102." (Emphasis added.)

As KESBR notes, these Administrative Orders apply only to "judicial proceedings." The Kansas Department of Labor is an administrative agency under the control of the executive branch. See K.S.A. 75-5701. KESBR, in turn, is a statutorily created quasi-judicial administrative body within the Department of Labor tasked with reviewing the decisions of unemployment insurance referees. See K.S.A. 44-709(f).

KESBR is not a part of the judicial branch; it is part of the executive branch. Thus, proceedings before KESBR are not judicial proceedings before a court, but are quasi-judicial proceedings before an administrative agency. As a result, Administrative Order 2021-PR-009 and Order 2020-PR-101 do not apply to this matter and could not excuse Robert's failure to register. See *Haney v. City of Lawrence*, No. 123,868, 2022 WL 1197468, at *6 (Kan. App. 2022) (unpublished opinion).

Affirmed.