NOT DESIGNATED FOR PUBLICATION

No. 120,958

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN NEWBY,
*Appellee*,

v.

BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS,
a/k/a JOHNSON COUNTY, KANSAS,
*Appellant*,

and

KANSAS DEPARTMENT OF LABOR,
*Appellee.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; FRANKLIN R. THEIS, judge. Opinion filed December 27, 2019. Affirmed in part and reversed in part.

*Denise M. Howard* and *Donald D. Jarrett*, legal department, of Johnson County, for appellant.

*Lee M. Smithyman* and *Arthur E. Rhodes*, of Smithyman & Zakoura, Chartered, of Overland Park, for appellee Brian Newby.

Before ATCHESON, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: This appeal arises out of a claim asserted by Brian Newby—the former Election Commissioner of Johnson County—under the Kansas Wage Payment Act, K.S.A. 44-312 et seq. Newby claimed that the Board of County Commissioners of Johnson County failed to pay him for accrued vacation and sick leave after he resigned

1

from his position as Election Commissioner. The Kansas Department of Labor denied Newby's claim, and he filed a petition under the Kansas Judicial Review Act, K.S.A. 77-601 et seq. The district court reversed the Department of Labor's order, finding that Newby had an agreement with Johnson County that entitled him to payment for both accrued vacation and sick leave. The district court also ordered that Johnson County pay a penalty. In addition, the district court dismissed Newby's alternative claims for damages under the theories of quantum meruit and detrimental reliance without prejudice and transferred the County's counterclaim for damages under an unjust enrichment theory to the Johnson County District Court.

On appeal, Johnson County contends: (1) The district court lacked jurisdiction to decide Newby's claim on the basis of a contract between the parties because the issue had been abandoned; (2) the Department of Labor's order was supported by substantial competent evidence and was not unreasonable, arbitrary or capricious; (3) the Department of Labor correctly determined that no law or resolution required it to reimburse Newby for accrued vacation or sick leave; and (4) the district court erred by imposing a penalty for willful nonpayment of accrued vacation and sick leave. For the reasons set forth in this opinion, we affirm the district court's decision in part and reverse it in part.

FACTS

In each county with a population of more than 130,000, the Kansas Secretary of State appoints an election commissioner to serve a term of four years. The person appointed must take an oath to faithfully perform his or her duties. Moreover, election commissioners are subject to removal by the Secretary of State on the grounds of official misconduct. K.S.A. 19-3419. Yet an election commissioner receives his or her salary "in an amount to be fixed by resolution of the board of county commissioners of the county."

2

K.S.A. 19-3419a. In addition, the counties must provide election commissioners with a car allowance. K.S.A. 19-3419a.

On January 11, 2005, Kansas Secretary of State Ron Thornburgh appointed Brian Newby to the position of Election Commissioner of Johnson County. Two days later, the Board of Johnson County Commissioners adopted Resolution No. 008-05, which provided:

> "NOW THEREFORE, BE IT RESOLVED by the Board of County Commissioners of Johnson County, Kansas, that the salary payable to the position of Johnson County Election Commissioners shall be and is hereby set at the amount of $85,000 per year for fiscal year 2005, effective as of January 11, 2005, subject to all required withholdings, and other applicable laws, authorized deductions, regulations, and policies . . . ."

Although benefits were not addressed in Resolution No. 008-05, Newby was subsequently informed that he had two options regarding vacation and sick leave. One option would be for Newby to come and go as he pleased without accruing vacation or sick leave. The other option was to accrue vacation and sick leave but to account to the County for the time he used similar to other employees. At the same time, there were discussions between Newby and Johnson County regarding whether he should be subject to performance reviews given his position as an election commissioner appointed by the Secretary of State.

On January 28, 2005, Newby emailed several representatives of Johnson County about his "preliminary views" regarding the issues of vacation and sick leave; performance review and merit increases; and car allowance. Newby expressed his understanding that he had two options regarding vacation and sick leave, which he called the "unstructured" option and the "structured" option. Newby indicated his understanding that "the unstructured option recognizes the unique nature of the position and allows me,

3

in essence, to come and go as I please with no accrual for vacation and/or sick pay." Likewise, he expressed his understanding that "[t]he structured option is one that treats me as a typical county employee, accruing vacation and sick time in each pay period."

Evidently, Newby met with the Johnson County Director of Human Resources on February 7, 2005, to discuss outstanding issues relating to the terms of his employment. About a month later, on March 9, 2005, Newby sent a memorandum to the Director of Human Resources about the unresolved issues. At the outset, Newby asserted that "[a]s an official appointed by the Secretary of State, the Election Commissioner has no obligation to follow the County's policies for using and reporting vacation and sick leave or the merit review process."

Newby went on to state in the memorandum:

"My over-arching objective related to this has been to reflect, as much as possible, similar department head positions in the County and align with County policies and practices. I mentioned during . . . our meeting, however, that I didn't think it was practical, at this time, to create an annual performance and merit review process with the county manager. I am interested, when practical, in participating in 360-degree feedback programs to receive informal feedback from the county manager and others I interact with at the County.

"From a vacation and sick leave standpoint, I would like to accrue, use, and account for these items."

Newby's paycheck remittance summaries began reflecting accrued vacation and sick leave balances. Sick leave—accruing at a rate of four hours per pay period—first appeared on his paystub on April 29, 2005. Similarly, vacation leave—also accruing at a rate of four hours per pay period—appeared on his paystub beginning on July 22, 2005. According to Newby, he kept track of vacation and sick leave on his calendar and reported it to a department payroll representative.

In November 2014, a dispute arose between Newby and Hannes Zacharias—who was serving as County Manager at the time—over the issue of whether election commissioners should be subject to performance reviews. In an email to Newby on November 26, 2014, Zacharias stated:

"I understand your position on the review process which, as you know, is a change from previous years. As I understand it, when you first took office, you chose to be considered as other executives meaning you would receive vacation and sick leave benefits from that selection along with the requirement of an annual review. If you want to change that arrangement, then I will present it to the Board, since the Board will then determine salary for your position. It likely will mean, however, that you are not eligible for vacation and sick leave accruals. I would prefer to continue with our current process and not involve the Board or the Secretary in some of these management issues, but we will try to work with you under any arrangement."

After Newby was appointed to the position of Executive Director of the United States Election Assistance Commission, he resigned his position as Election Commissioner of Johnson County effective on November 13, 2015. Newby provided notice of his resignation to Secretary of State Kris Kobach on October 26, 2015. However, it does not appear that Newby advised any official of Johnson County of his impending departure at that point in time.

Upon his resignation, Newby requested payment from Johnson County for accrued vacation and sick leave. Specifically, he asserted a claim for 264 hours of accrued vacation leave and 1,040 hours of accrued sick leave. In response, the County Manager sent Newby a letter dated November 20, 2015, in which stated: "Based on our review and understanding, you are not entitled to any payment from the County for accrued leave." The County Manager also asserted that "you failed to give the required [two-week] notice of your resignation date." In addition, the County Manager stated that "you personally abrogated the prior understanding that you had with the County under which

5

you could have been eligible to accrue paid leave" by failing to "report either vacation or sick leave usage . . . ."

Furthermore, the County Manager indicated in the letter:

"The County permits elected officials and officials appointed by the State or agency other than the Johnson County Government to choose either: a) to collect, use, account, for, and accrue paid leave; or b) to receive their salary and pay in the same amount on a bi-weekly basis without regard to the use of leave or to otherwise account to the County for leave or time away from work. In spite of an initial declaration to the contrary, you ultimately elected the latter option. You have not reported a single day of sick or vacation leave in the entirety of your tenure with the Johnson County Government. You chose not to use or account for the use of paid leave and, as such, were not entitled to accrue such leave or to be paid for such leave at separation."

The following year, on November 19, 2016, Newby filed a pro se claim for wages with the Kansas Department of Labor. In his claim, Newby sought to recover 100% of his claimed accrued vacation leave and 20% of his claimed accrued sick leave for a total of $24,823.62. In addition, Newby requested that the Kansas Department of Labor impose a penalty against Johnson County for willful failure to pay wages under K.S.A. 44-315(b). In its answer to Newby's claim, the County denied that he was entitled to payment for the accrued vacation and sick leave. Although Johnson County acknowledged that Newby had chosen to account for and accrue vacation and sick leave, it asserted that he had "chose to abrogate the understanding" by failing to account for his time.

On April 5, 2017, the Administrative Law Judge held a hearing to consider Newby's claim. Newby—who was not represented by counsel—attended the hearing in person and presented evidence in support of his claim for wages. We note that Newby submitted several exhibits that were admitted into evidence by the Administrative Law Judge at the hearing. In addition, Newby testified that "there was an expectation that I

6

would accrue [vacation and sick leave] and that I would account [for such leave]. I do not believe there was an agreement because there was never a response to [the March 9, 2005 memorandum expressing a desire to accrue leave.]."

Brent Christensen, the Assistant Director of Treasury and Financial Management for Johnson County, testified that Newby had not reported the use of a single hour of vacation or sick leave. In contrast, Newby testified that he had reported vacation and sick leave to the designated payroll coordinator. The Deputy Election Commissioner, Deborah Tyrrel, testified that she reported her leave in the same manner.

Newby also testified that he noted his time out of the office on his calendar. He further indicated that he notified the Secretary of State whenever he travelled for business. Newby testified that did not use any sick leave. Although he underwent a surgical procedure in April 2012, Newby testified that he worked from home before and after the surgery. According to Newby, the last vacation he took was in 2013 because he was busy overseeing 22 elections in 28 months.

On May 12, 2017, the Administrative Law Judge issued an initial order in which he set forth his findings of fact and conclusions of law. In the initial order, the Administrative Law Judge found that Newby "has not established that a contract existed with the respondent that obligates respondent to pay the alleged wages that claimant seeks." In particular, the Administrative Law Judge noted that "the strongest evidence comes from [Newby's] own testimony that 'I do not believe there was an agreement,' that [Johnson County] never responded to his March [9], 2005, letter, and that [Newby] characterized there was an 'expectation' that [Johnson County] would pay accrued leave." Likewise, the Administrative Law Judge found that "[n]o law compels [Johnson County] to pay the sort of wages [Newby] seeks."

7

On June 2, 2017, the Secretary of Labor adopted the initial order as the agency's final order denying Newby's claim and subsequently denied Newby's motion for reconsideration. On July 28, 2017, a Petition for Judicial Review and Other Relief (Pursuant to Chapters 77 and 60) was timely filed by legal counsel retained by Newby in Shawnee County District Court. In the petition, Newby asserted that the Kansas Department of Labor "has erroneously interpreted or applied the law; the agency action is based on determinations of fact that are not supported to the appropriate standard of proof by evidence that is substantiated when viewed in light of the record as a whole; and . . . is otherwise unreasonable, arbitrary or capricious. K.S.A. 77-621(C)." In addition, Newby requested that Johnson County pay his accrued leave/wages, interest, and penalties under K.S.A. 44-314 and K.S.A. 44-315.

In the Petition for Judicial Review, Newby also asserted—in the alternative—claims under the theories of detrimental reliance and quantum meruit. In particular, Newby alleged that he "relied to his detriment upon the expectation of benefits that was given him by Johnson County, Kansas and the Board of County Commissioners." Also, Newby claimed that it would be "unjust of Johnson County . . . to become enriched and retain the benefit of [his] efforts and work without payment of the full value of the promised benefits . . . ." Although Newby amended his Petition for Judicial Review to add the Department of Labor as a party on April 2, 2018, the substance of the petition did not change.

In response to the Petition for Judicial Review, Johnson County denied that Newby was entitled to relief. In particular, the County requested that the district court affirm the decision of the Department of Labor denying Newby's claim for accrued vacation and sick leave. The County also requested that the district court deny the claim for interest and penalties. Furthermore, Johnson County asserted a counterclaim against Newby under a theory of unjust enrichment and seeking reimbursement for travel and other expenses.

8

On February 6, 2019, the district court issued a 48-page memorandum opinion in which it ruled that Newby was entitled to payment of his accrued vacation and sick leave. The district court also imposed a penalty against Johnson County pursuant to K.S.A. 44-315(b). Although Johnson County had requested oral argument, the district court determined that it was unnecessary and instead decided the case based on the briefs submitted by the parties.

In the memorandum opinion, the district court found that Newby should have given Johnson County prior notice of his resignation out of "common courtesy, and respect for the relationship," but it concluded that the failure to give notice "was immaterial and of no consequence." The district court also found that the record demonstrated "the unquestionable existence of an agreement between Mr. Newby and Johnson County regarding the application of its sick leave policy and vacation leave policy to him . . . ." Accordingly, the district court determined that "the true question, which should have been decided, is whether [Newby] 'abrogated', *i.e.*, breached, the agreement in some fashion that would disqualify him altogether from these benefit entitlements." After reviewing the record, the district court ultimately concluded that Newby had not breached the agreement.

Turning to Newby's alternative claims under the theories of detrimental reliance and quantum meruit, the district court determined that "[g]iven the wage claim was resolved in his favor, the Court finds that this count . . . is now moot and is dismissed without prejudice." Likewise, the district court determined that Johnson County's counterclaim for unjust enrichment should be "severed and venue for that claim is transferred to the District Court of Johnson County, Kansas," which it found to be "the appropriate forum."

Thereafter, Johnson County filed a timely notice of appeal.

9

ANALYSIS

*Standard of Review*

This judicial review action arises out of a claim asserted by Newby under the Kansas Wage Payment Act, K.S.A. 44-312 et seq. Specifically, Newby requested reimbursement from Johnson County for unused vacation and sick leave that had accrued prior to his resignation as Election Commissioner in November 2015. He also requested that a penalty be imposed against Johnson County for willful failure to pay the amounts due pursuant to K.S.A. 44-315. Under that Act, Newby had the burden to prove his claim. See K.A.R. 49-21-3(c)(1).

After the Kansas Department of Labor denied his claim, Newby filed a Petition for Judicial Review and Other Relief in Shawnee County District Court. The Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., defines the scope of review by both the district court and this court. See *Coma Corporation v. Kansas Dept. of Labor*, 283 Kan. 625, 628, 154 P.3d 1080 (2007). Under the KJRA, we exercise the same statutorily limited review as does the district court, as though the appeal is made directly to our court. *In re Tax Appeal of Fleet*, 293 Kan. 768, 776, 272 P.3d 583 (2012); *Luckett v. Kansas Employment Security Bd. of Review*, 56 Kan. App. 2d 1211, 1216-17, 445 P.3d 753 (2019). Accordingly, in cases such as this in which the district court heard no additional evidence and ruled on the same agency record available to us, we owe no deference to its decision. *Muir v. Kansas Health Policy Authority*, 50 Kan. App. 2d 854, 856-57, 334 P.3d 876 (2014).

Under the KJRA, Newby had the burden before the district court to show a material error in the Kansas Department of Labor's decision and he continues to carry this burden. See K.S.A. 2018 Supp. 77-621. The KJRA sets forth several grounds on which a court may set aside an agency's action, including errors of law and unsupported factual

10

findings. K.S.A. 2018 Supp. 77-621(c)(4) and (7). When the issue turns on an interpretation of a statute or some other question of law, our review is without deference to the agency's legal analysis. *Sierra Club v. Moser*, 298 Kan. 22, 50-51, 310 P.3d 360 (2013).

Judicial review is more limited when an agency's findings of fact are challenged. To determine whether an agency's action is based on a finding of fact that is not supported by evidence that is substantial, we are to view the record "in light of the record as a whole." K.S.A. 2018 Supp. 77-621(c)(7). In other words, we are to consider all of the relevant evidence in the record both supporting and detracting from an agency's finding. K.S.A. 2018 Supp. 77-621(d). Under this standard, we may reject a factual finding only if the agency's decision has been so undermined by other evidence that it is insufficient to support the agency's decision. *Schneider v. The Kansas Securities Comm'r*, 54 Kan. App. 2d 122, 149, 397 P.3d 1227 (2017). We are also to review an agency's action to determine whether it was unreasonable, arbitrary, or capricious. K.S.A. 2018 Supp. 77-621(c)(8).

*Failure to Preserve Contract Issue for Judicial Review*

Although the district court found that the parties had reached an agreement regarding accrued vacation and sick leave, Johnson County contends that Newby did not preserve this issue in his Petition for Judicial Review. As a result, the County argues that neither this court nor the district court has subject matter jurisdiction over the contract issue. The County also argues that Newby waived or abandoned the contract issue in the briefs he filed in the district court. In response, Newby contends that he did not abandon the contract issue. Likewise, he argues that the legal issues raised in the petition were sufficient to provide subject matter jurisdiction for judicial review.

11

The parties agree that the pleading requirements of the KJRA are jurisdictional. Whether subject matter jurisdiction exists is a question of law that may be raised at any time and over which this court's scope of review is unlimited. *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009); *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 744, 148 P.3d 538 (2006). If a district court lacks subject matter jurisdiction in a judicial review action, an appellate court does not acquire jurisdiction over the subject matter on appeal. *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 456, 284 P.3d 337 (2012).

Under the KJRA, a petition for judicial review must "set forth . . . the petitioner's reasons for believing that relief should be granted." K.S.A. 2018 Supp. 77-614(b). Recently, in *Via Christi Hospitals Wichita v. Kan-Pak*, 310 Kan. ___, 451 P.3d 459, 463 (2019), the Kansas Supreme Court explained:

> "This court has held that because a '"petition for judicial review of an agency action is jurisdictional[,] . . . the failure to comply with the pleading requirements set forth in K.S.A. 77-614(b) precludes a litigant's statutorily granted right of appeal."' *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 397, 204 P.3d 562 (2009) (citing *Bruch*, 282 Kan. 764, Syl. ¶ 2). Moreover, the compliance with these pleading requirements must be 'strict' before a court may exercise jurisdiction over the petition. 288 Kan. at 399. But the pleading need not mirror the language of the statutory basis for the specific relief requested. 288 Kan. at 406-07. And see K.S.A. 2018 Supp. 77-614(c) ('Failure to include some of the information listed in subsection [b] in the initial petition does not deprive the reviewing court of jurisdiction over the appeal. Leave to supplement the petition with omitted information required by subsection [b] shall be freely given when justice so requires.')."

In his Petition for Judicial Review, Newby alleged that he was entitled to payment of accrued vacation and sick leave under the Kansas Wage Payment Act and noted that his appeal "pertains to the [Department of Labor's] findings of fact and conclusions in the referenced orders determining that [Newby] was not entitled to relief." In particular,

12

Newby claimed he was entitled to payment of accrued vacation and sick leave because the Johnson County Board of County Commission's resolution authorizing his salary referenced that it was "subject to all . . . policies" of Johnson County. Accordingly, we find that Newby's request for judicial review was based on his position that the Johnson County policies regarding payment of vacation and sick leave applied to him rather than on a contractual right.

In *Kingsley*, our Supreme Court pointed out that K.S.A. 77-614(b)(5) and (b)(6) set forth two distinct requirements for petitions seeking judicial review under the KJRA. 288 Kan. at 401. On the one hand, K.S.A. 77-614(b)(5) requires that a petition set forth the "'facts to demonstrate that the petitioner is entitled to obtain judicial review.'" 288 Kan. at 401. On the other hand, K.S.A. 77-614(b)(6) requires that a petition set forth "'the petitioner's reasons for believing that relief should be granted.'" 288 Kan. at 405. Here, Johnson County asserts that Newby failed to strictly comply with the requirements of K.S.A. 77-614(b)(6). So, we must review the Petition for Judicial Review filed by Newby in the district court to determine whether he adequately preserved the issue of whether there was a contract or agreement between the parties relating to accrued vacation and sick leave.

Based on our review of the Petition for Judicial Review, we find no assertion that Newby was appealing from the Administrative Law Judge's decision that there was no contract. At most, we find a reference to the fact that the County Manager maintained that Newby had "'abrogated' an 'understanding' with the County regarding the right to accrued wages." The focus of the Petition for Judicial Review—as well as the briefs filed in the district court—was on the issue of whether Johnson County is required by Resolution No. 008-05 to pay Newby for accrued vacation and sick leave.

Although it is clear from the Petition for Judicial Review that Newby was appealing from the adverse ruling by the Administrative Law Judge denying his claim for

13

payment for accrued vacation and sick leave, there is nothing in the Petition for Judicial Review to indicate that one of the reasons Newby sought relief was because he had a contract with Johnson County. In fact, he testified before the Administrative Law Judge—perhaps wrongly—that he did "not believe there was an agreement" but merely an "expectation" that the County would pay him for accrued vacation and sick leave.

Even though the allegations in the Petition for Judicial Review filed might be sufficient to preserve a contract theory under the notice requirements for pleadings filed under the Kansas Code of Civil Procedure, we do not find that they are sufficient to satisfy the requirements of the KJRA. Moreover, Newby did not seek leave pursuant to K.S.A. 2018 Supp. 77-614(c) to supplement his Petition for Judicial Review with the omitted information required by K.S.A. 2018 Supp. 77-614(b)(6). To the contrary, Newby explicitly stated in his briefs filed with the district court that the Administrative Law Judge's finding of no contract between the parties "is not disputed" and that he "does not appeal this finding." Consequently, neither the district court nor this court has subject matter jurisdiction over the contract issue and—as Johnson County suggests—the conclusion of the Kansas Department of Labor that Newby "did not have a contractual right to paid vacation and sick leave must stand undisturbed."

*No Legal Obligation to Pay for Accrued Leave*

Because the issue of whether the parties entered into a contract is not properly before us, we turn to the issue of whether the Kansas Department of Labor correctly concluded that Johnson County was not required by law to pay Newby for accrued vacation and sick leave. On appeal, Johnson County contends that the Administrative Law Judge appropriately found that it was not legally obligated to pay Newby for accrued leave. In response, Newby contends that Resolution No. 008-05, as well as Kansas law, obligated the County to pay him for vacation and sick leave.

14

K.S.A. 2018 Supp. 77-621(c)(4) requires an appellate court to grant relief if the agency erroneously interpreted or applied the law. An agency's interpretation or application of law is subject to de novo review. *Sierra Club*, 298 Kan. at 50-51. Under Kansas law, an employee is entitled to paid leave if he or she can prove that right by law or by contract. See *Sweet v. Stormont Vail Regional Medical Center*, 231 Kan. 604, 610-11, 647 P.2d 1274 (1982).

As indicated above, the Kansas Secretary of State appoints the person to serve in the position of election commissioner in Johnson County pursuant to K.S.A. 19-3419. However, once the Secretary of State makes an appointment, the County is required under K.S.A. 2018 Supp. 19-3419a to pay the salary of the election commissioner—as well as to pay a car allowance—in an amount to be "fixed by resolution of the board of county commissioners." Other than a car allowance, the statutes are silent as to the other benefits—if any—to be provided to election commissioners appointed by the Secretary of State in counties with a population of more than 130,000.

Here, the Johnson County Board of County Commissioners fixed Newby's salary shortly after his appointment as election commissioner. Resolution No. 008-05—titled "Resolution Setting a Salary for Election Commissioner for Fiscal Year 2005"—provided "that the salary payable to the position of Johnson County Election Commissioners shall be and is hereby set at the amount of $85,000 per year for fiscal year 2005, effective as of January 11, 2005, subject to all required withholdings, and other applicable laws, authorized deductions, regulations, and policies . . . ." Other than Newby's salary, the resolution does not address a car allowance or any other form of compensation that may potentially be provided by the County.

In Kansas, county resolutions have the full force and effect of law. See K.S.A. 2018 Supp. 19-101a; *David v. Board of Norton County Comm'rs*, 277 Kan. 753, 755, 89 P.3d 893 (2004). As such, they are to be interpreted using the same standards as those

15

used in interpreting statutes. See *Layle v. City of Mission Hills*, 54 Kan. App. 2d 591, 594-95, 401 P.3d 1052 (2017). Consequently, interpretation of a county resolution—like a statute—involves a question of law over which we have unlimited review. See *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

The most fundamental rule of statutory construction is that the intent of the legislative body—in this case the Board of County Commissioners—governs if that intent can be ascertained. See *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). We must first attempt to ascertain legislative intent through the language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When the language used is plain and unambiguous, we are to refrain from reading something into the text that is not readily found in its words. See *Nauheim v. City of Topeka*, 309 Kan. 145, 149-50, 432 P.3d 647 (2019).

Here, we find Resolution No. 008-05 to be plain and unambiguous. The resolution set Newby's salary but did not address benefits. It did not even address the car allowance required by K.S.A. 19-3419a, much less additional benefits such as vacation and sick leave. Although there is no need to look outside the plain language of the resolution, we note that the record reflects that the parties continued to discuss the car allowance as well as vacation and sick leave for several weeks following the adoption of the resolution. To adopt Newby's argument, we would have to read something into the text of the resolution that is not readily found in the words used by the Board of County Commissioners. We thus conclude that Johnson County was under no legal obligation to pay Newby accrued vacation or sick leave under Resolution No. 008-05.

*Remaining Issues*

Johnson County also contends that the district erred by imposing a statutory penalty for willful nonpayment of wages. K.S.A. 44-315(b) provides that a penalty may

16

be imposed under the Kansas Wage Payment Act if "an employer willfully fails to pay an employee wages" as required by the wage statutes. Because we have found that we do not have subject matter jurisdiction over the contract issue and that Newby was not entitled to the payment of accrued vacation and sick leave as a matter of law, we conclude that the imposition of a penalty was not appropriate.

Finally, we note that Newby also asserted an alternative claim for damages in an amount equal to his accrued vacation and sick leave under the theories of quantum meruit and detrimental reliance. Similarly, Johnson County asserted a counterclaim for unjust enrichment against Newby. The district court did not address either of these claims for damages on the merits. Rather, the district court dismissed Newby's claim without prejudice in light of its resolution of his claim under the Kansas Wage Payment Act in his favor. Likewise, the district court transferred the County's counterclaim to the Johnson County District Court, which it found to be the proper venue for the claims asserted outside the Kansas Wage Payment Act.

Neither party has challenged the district court's rulings related to the alternative claim and counterclaim seeking damages asserted by the parties outside the purview of the Kansas Wage Payment Act. These issues have also not been briefed by the parties. As a general rule, Kansas appellate courts do not render advisory opinions on issues that have not been raised. See *Mundy v. State*, 307 Kan. 280, 288, 408 P.3d 965 (2018). Accordingly, we reject the temptation to weigh in on the validity of Newby's alternative claims or of Johnson County's counterclaim.

CONCLUSION

In summary, we find that Newby failed to preserve a contract issue in his Petition for Judicial Review. As a result, we conclude that neither the district court nor this court has subject matter jurisdiction to review the Kansas Department of Labor's conclusion

17

that Newby did not have a contractual right to be paid for accrued vacation and sick leave. We also find that Johnson County was under no legal obligation to pay Newby for accrued vacation and sick leave. Consequently, we further conclude that the district court's imposition of a penalty against Johnson County was not appropriate. Because the parties have not challenged the district court's dismissal of Newby's alternative claim for damages without prejudice nor the transfer of the County's counterclaim for damages to Johnson County District Court, we affirm that portion of the district court's decision and will not issue an advisory opinion regarding the validity of such claims.

Affirmed in part and reversed in part.